PEARSON *v.* GARDNER.

1. FRAUDS, STATUTE OF—PARTIAL PAYMENT — POSSESSION — LAND CONTRACTS—VALIDITY.

In an oral contract for the purchase of land, neither partial payment alone nor possession alone is sufficient to take the case out of the statute of frauds.

2. SPECIFIC PERFORMANCE — LAND CONTRACTS — VENDOR AND PURCHASER—FRAUDS, STATUTE OF.

In proceedings for the specific performance of a contract for the sale of land, where the vendees paid part of the purchase price, entered into possession, and exercised acts of ownership changing the character of the freehold, although the contract itself was insufficient to satisfy the statute of frauds, a court of equity will award a decree for specific performance.[1]

Appeal from Livingston; Miner, J. Submitted April 17, 1918. (Docket No. 110.) Decided July 18, 1918.

Bill by Alexander H. Pearson against Edd Gardner and another for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Louis E. Howlett,* for plaintiff.

*Willis L. Lyons* and *F. J. Shields,* for defendants.

BROOKE, J. Bill for specific performance. On June 6, 1917, defendants entered into an oral contract with the plaintiff for the purchase of a house and lot in the village of Hamburg. At the time of the purchase the plaintiff gave the defendants the following receipt:

"HAMBURG, MICHIGAN, June 6 (there is a six and a seven over it), 1917.

"Received of Edd Gardner and Della Gardner One Hundred Dollars ($100) on purchase price of house

---

[1] See note in 3 L. R. A. (N. S.) 790.

and lot in Hamburg village. ˙Balance of Eighteen Hundred Dollars ($1,800) to be paid and deed given in five days.

"A. H. PEARSON."

The $100 mentioned in said receipt was paid by defendants to plaintiff. Under the oral contract the plaintiff, a physician and surgeon, agreed to rent from the defendants a small office building located on one corner of the lot for a period of one year with an option for one additional year at $5 per month; the $60 for the first year's rent to be deducted from the purchase price. Plaintiff immediately vacated the house and three days later, on the morning of the 10th, defendants took possession of the house and the barn located on the premises.

It is the claim of plaintiff that he and his wife had executed a deed of the property, and, on the 5th day after the agreement, told defendants it was ready, but that he was advised by them that their money was in a bank in Detroit and would not be available for a few days; that shortly thereafter defendant Della Gardner was called away because of the illness of a relative and remained absent for some time. This was denied by the defendants. The record shows that there was considerable discussion between the parties about carrying out the deal up to the latter part of July, when the defendants finally refused to further proceed. Thereupon plaintiff prepared a new deed, the former one having been destroyed, and on the first day of August made a tender of the deed, the unexpired insurance policy and the abstract of title. A second tender was made on August 10th, in the presence of a witness. Performance on the part of the defendants was again refused. In the meantime the defendants had continued in the possession of the property; had removed one of the partitions on the lower floor of the dwelling house, making two rooms

into one; changed the location of the kitchen sink; trimmed the lower limbs from a couple of shade trees in front of the house and had harvested the vegetables from the garden. They continued in possession and retained the same at the time of the trial in the court below on the 12th day of December, 1917.

It is conceded by counsel for plaintiff that the written evidence of the contract is insufficient under the statute of frauds. The only question involved is whether the defendants by their acts in making partial payment, taking possession, reaping the fruits of the garden and changing the character of the premises have done sufficient to take the case out of the statute and to equitably entitle plaintiff to the decree for specific performance which was awarded by the court below. Partial payment of the purchase price alone is not sufficient to take the case out of the statute. Possession alone is insufficient, but where there is partial payment and possession accompanied by acts of ownership of the vendee changing the character of the freehold, and lessening its value, a court of equity may award a decree for specific performance. *Peckham* v. *Balch*, 49 Mich. 179; *Cole* v. *Cole Realty Co.*, 169 Mich. 347. It is true that in the case first cited the action was brought by the vendee rather than the vendor, but it is well settled that specific performance is granted in favor of the vendor of land as freely as in favor of the vendee, though the relief actually obtained by him is the recovery of money, the purchase price. The rule is stated in 36 Cyc. p. 686, as follows:

"The vendor or lessor may have specific performance of a contract which has been part performed. This is in part because the delivery of possession by him to the vendor involves a change of condition on his part as well as on the part of the vendee, and points to a contract concerning the land; chiefly because, in cases where the remedy is available to the

vendee it should, on the ground of mutuality, be available to the vendor likewise." Citing cases in note 24.

See, also, 2 Pomeroy's Equitable Remedies, § 747, and Langdell, Brief Survey of Equity Jurisdiction, pp. 50-52.

The parties agree as to the exact terms of the oral contract. The defendants entered into possession thereunder and still retain such possession. They paid a portion of the purchase price and have exercised such rights and acts of dominion over the property in changing its character as would in our opinion make it inequitable for them now to decline full performance of the oral contract.

The decree is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, J., concurred.