## DYSARZ v. JANCZAREK.

1. SPECIFIC PERFORMANCE—EQUITY SHOULD NOT SPECIFICALLY ENFORCE INEQUITABLE CONTRACT.
    A contract for the sale of city lots to an experienced business man by one who had no business experience and could neither read nor write English, where only the vendor was bound, and which was inequitable for other reasons, should not be specifically enforced, at the instance of the purchaser, by a court of equity.

2. SAME—NOT A REMEDY OF RIGHT—DISCRETION OF COURT.
    Relief by specific performance is not a remedy of right, but rests in the sound discretion of the court, and will be refused when it is clearly inequitable to grant it.

[1]Specific Performance, 36 Cyc. pp. 612, 615, 621; [2]Id., 36 Cyc. pp. 548, 551; 25 R. C. L. 214; 3 R. C. L. Supp. 1412; 4 R. C. L. Supp. 1574; 5 R. C. L. Supp. 1315; 6 R. C. L. Supp. 1460.

238—Mich.—34.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 4, 1927. (Docket No. 6.) Decided May 3, 1927.

Bill by John Dysarz against Michael Janczarek and another for specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Stan. C. Pietraszewski* (*Doty & Cram,* of counsel), for plaintiff.

*Willard & Czarnecki,* for defendants.

McDONALD, J. The plaintiff has appealed from a decree of the Oakland circuit court denying his right to specific performance of a contract for the purchase of land. The opinion of the circuit judge so well disposes of the issue involved that we adopt it as our own:

"The bill in this case was filed to specifically enforce the provisions of a certain agreement for the sale of lots 336, 337, and 338 of the Manhattan subdivision in the township of Royal Oak, to plaintiff. It appears from the testimony that in December, 1923, defendant called at plaintiff's office either to sell the lots or have his abstract examined, the exact purpose of the visit being in dispute. On his second visit the agreement in question was signed and plaintiff paid him $25. The defendant some time thereafter refused to convey the lots in accordance with the agreement and tendered back the deposit.

"There is a sharp conflict in the testimony as to defendant's purpose in first going to plaintiff's office. It appears that plaintiff has been engaged as a notary public and in the business of buying and selling real estate, and giving advice to persons of his nationality for over 43 years. He claims that defendant wanted him to sell the lots, stating that he was in need of money to make payments on his house. Plaintiff claims that he never saw the lots in question, but, acting on the advice of his son who was a real estate

broker, he entered into the agreement to purchase the lots as a favor to defendant and that defendant refused to carry out the agreement, when tendered the remainder of the purchase price. Defendant, on the other hand, claims that he had been to plaintiff's office on a prior occasion with a friend who was seeking advice; that his only purpose in taking his abstracts and deed of lots to plaintiff was for examination; that plaintiff represented to him that some plumber wished to buy the lots and told him the lots were only worth $500 as they were situated in a low spot and located in a cheap neighborhood. Plaintiff (defendant) claims that the contract was never read over to him; that he was not familiar with the value of the lots and that when he later discovered they were worth in the neighborhood of $600 apiece, he refused to convey them to plaintiff in accordance with his agreement.

"If the parties had been dealing with each other on terms of equality and at arms' length, in spite of the manifest one-sided character of the agreement I would feel that plaintiff is entitled to the relief prayed for despite defendant's testimony that he did not know their value and that plaintiff represented them as being of little worth. Plaintiff was an experienced business man to whom members of (his) race had been going for many years for the drafting of conveyances, etc., and advice regarding their business matters. Defendant had no business experience and could neither read nor write the English language. Under these circumstances, where there is such an opportunity for overreaching, before an agreement between them should be specifically enforced in a court of equity, it should clearly appear that the transaction was fair and that no advantage was taken of defendant's lack of experience. An examination of the agreement plainly shows that it is of such a nature that no one who understood its effect would have been likely to have signed it. While in terms it purported to be an agreement for the sale of the lots, at an agreed price, and recited that $25 had been paid to apply on the amount, yet it no wise bound plaintiff to take the lots, and provided, in the event plaintiff should refuse to purchase the property at the terms agreed upon, the deposit should be returned, but, on

the other hand, if plaintiff was satisfied, then the deposit was to be 'valid and binding.' It was entirely a one-sided agreement which bound defendant to sell if plaintiff was satisfied, but left plaintiff entirely free to refuse to purchase and in addition provided that he should receive back his deposit if he did refuse to purchase. The agreement also contains an agreement by which Robert A. Dysarz, plaintiff's son, was to be paid a commission of $30, although at the hearing he testified that he was acting for his father. From beginning to end the contract was drawn entirely in plaintiff's favor and it is impossible for me to believe plaintiff's testimony that he bought the lots as a favor to defendant.

"The case is not such a one that a court of equity, in my judgment, should now assist plaintiff in securing the bargain, which through his superior business experience he was able to secure from defendant. A court of equity will never aid one to take undue advantage of another, especially in a case such as this where the agreement is so entirely one-sided. It is a well-settled rule that relief by specific performance is not a remedy of right, but rests in the sound discretion of the court, and will be refused when it is clearly inequitable to grant it. The facts of this case bring it squarely within this salutary rule."

A decree in accordance with the above opinion will be entered in this court. The defendants will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.