ST. PIERRE v. MASSON.

1. SPECIFIC PERFORMANCE—NOT A REMEDY OF RIGHT.
    Specific performance is not a remedy of right, but rests
    in the sound discretion of the court.  ·

2. SAME — VENDEES NOT MAKING PAYMENT NOT ENTITLED TO
SPECIFIC PERFORMANCE.
    The vendees in a land contract who failed to make the
    initial payment therein provided for were not entitled to
    specific performance later when the land had increased in
    value.

Appeal from Monroe; Root (Jesse H.), J.    Sub-
mitted April 6, 1928.    (Docket No. 58, Calendar No.
33,380.)    Decided June 4, 1928.

Bill by Albert St. Pierre and others against William
J. Masson and another for specific performance of a
land contract.    From a decree dismissing the bill,
plaintiffs appeal.    Affirmed.

*J. C. Lehr* (*Leopold Mayer*, of counsel), for plain-
tiffs.

*Clayton C. Golden* and *James J. Kelley*, for defend-
ants.

POTTER, J.    The bill herein is filed for specific per-
formance of a land contract.    Defendants filed an
answer in the nature of a cross-bill.    A decree was
entered in favor of defendants.    Plaintiffs appeal.
William J. Masson and Edward Masson, defendants,
were the owners of land in Monroe county.    It is
claimed this land, consisting of 76.19 acres, was sold
to the plaintiffs Albert St. Pierre and Ivan L. Riley

Decree for specific performance within sound discretion of
court, see 25 R. C. L. 214; 3 R. C. L. Supp. 1412; 4 R. C. L.
Supp. 1574; 5 R. C. L. Supp. 1315; 6 R. C. L. Supp. 1460; 7
R. C. L. Supp. 838.
    Change in value of property not ground for refusing specific
performance of contract, see 25 R. C. L. 254, 255; 4 R. C. L.
Supp. 1578; 5 R. C. L. Supp. 1316; 6 R. C. L. Supp. 1463.

by contract November 26, 1924.    Subsequently St.
Pierre and Riley sold their interest to Rodgers.    The
testimony shows St. Pierre and Riley were real estate
brokers in the city of Detroit.    On November 26,
1924, a contract was entered into by them and de-
fendants as follows:

"Newport State Bank,
"Thomas J. Rabbitt, Cashier,
"Capital $20,000.00
                            ' "Newport, Mich.
"This agreement made this 26th day of November,
1924, by and between William Masson and Edward
Masson of Newport, Michigan, as parties of the first
part, and Albert St. Pierre and Ivan L. Riley of De-
troit, Michigan, as parties of the second part.
"Parties of the first part, for and in consideration
of fifty dollars to them in hand paid, agree to sell to
the parties of the second part, the following described
land situate in the township of Ash, Monroe county,
Michigan, the north half of the southwest quarter of
section thirty-four, town five south, range nine east,
excepting therefrom three and eighty-one (3.81) one
hundredths acres of land lying east of the Old Plank
Road.    Parties of the second part agree to pay two
thousand dollars upon delivery of land contract on or
before December 20, 1924, and the balance of the
contract price, which is understood to be ten thousand
($10,000) dollars on March 15, 1925.

(Seal)    "Wm. J. Masson,
(Seal)    "Edward Masson,
(Seal)    "Albert St. Pierre,
(Seal)    "Ivan L. Riley.
"Witnesses:    T. J. Rabbitt,
                "M. M. Valade."

December 11, 1924, an instrument was executed as
follows:

"December 11, 1924.
"For and in consideration of the sum of two thousand
six hundred ($2,600) dollars over and above the pur-
chase price of ten thousand ($10,000) dollars set forth

above in the purchase agreement made between ourselves and Masson brothers, we, the undersigned, hereby sell and transfer all our interest in and to the sale of the above described land, transferring our interest to the purchaser, L. J. Rodgers or his assigns on the following terms:    Five hundred ($500) at the execution hereof, receipt of which is hereby acknowledged, twenty-one hundred ($2,100) dollars, the balance of our profit is to be paid to us when deed is taken by the purchaser or his assigns, to the above said land, who agrees to pay for same as stated in the contract above written, provided, however, that the title to said land is free and clear from encumbrances and is a marketable title, otherwise all the payments stated above may be deferred until such title is made· clear and marketable.

"ALBERT ST. PIERRE,<br>
"IVAN L. RILEY,<br>
"L. J. RODGERS.

"Witnesses:    EDNA B. FORHLICH,<br>
            "MYRTLE GRANT."

December 12, 1924, defendants executed an instrument as follows:

"Newport, Michigan,
"December 12, 1924.

"We, the owners of a 70a piece of land on Telegraph with descriptions of the same in a certain, contract, do agree to furnish a free and clear title of same and also agree to take a mortgage of not less than four thousand and five hundred dollars, said mortgage to extend for a ·period of five years.

"WM. J. MASSON,<br>
"EDWARD MASSON."

The real estate involved is located in an area of speculative values.    It was being bought for resale purposes.    Plaintiffs Riley and St. Pierre, by the contract of November 26, 1924, agreed to pay $2,000 down on or before December 20, 1924, the balance March 15, 1925.    They did not make the payment of $2,000 on or before March 15, 1925, and did not

offer to make such payment.     December 12, 1924, defendants signed, without consideration, the agreement above quoted.     December 19, 1924, Riley and St. Pierre asked defendants to sign a land contract which contained a release clause providing that if vendee sold any part of the land, vendors were to release the land sold upon being paid "two to one" if it was released.     There was no such provision in the contract of sale.     The vendees tendered a check of L. J. Rodgers to defendants for $1,000 at the time this modified contract was sought to be substituted for the original contract.     Vendees do not deny they were told by vendors the contract would be at an end unless vendees made the payment of $2,000.     Plaintiffs now seek to comply with the contract and to enforce it specifically.     They did not carry out the contract. They did not perform it on their part.     They did not tender performance of the contract within the time fixed for performance.     Vendors refused to accept a modified substitute and an initial payment reduced to one-half that provided in the contract of sale.     The trial court said:

"Plaintiffs had a prepared contract with them which provided for a down payment of one thousand dollars instead of two thousand as provided in the preliminary contract, and also a provision for the release of lots from the operation of the mortgage as such lots should be sold.     Defendants were willing to sign a contract as they had agreed, but demurred at signing a contract which made provision for but one thousand dollars down payment and likewise objected to the provision with reference to the release of lots.     There was some discussion relative to the abstract not showing a free and clear title, but this was not given serious thought."

Mr. Kurth, who passed upon the title, says:     "There were no serious objections except what could be cleared up in a short time."     The thousand dollar check was redelivered to Mr. Smith, attorney for plaintiff Rodgers, and a receipt taken therefor as follows:

"Detroit, Michigan.,
"December 20, 1924.
"Received of Edward Masson & Wm. Masson check of L. J. Rodgers for one thousand and 00/100 dollars.
"G. SWEETMAN SMITH."

Conditions changed in relation to this property. It increased in value. Plaintiffs parted with nothing. They did not comply with the contract in accordance with, its terms. Specific performance is not a remedy of right, but rests in the sound discretion of the court. *Reo Motor Car Co.* v. *Young*, 209 Mich. 578; *Krause* v. *Hoffmann*, 239 Mich. 348. We think, under the circumstances, specific performance was properly refused.

The decree of the trial court is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.