KEYS *v.* HOPPER.

1. SPECIFIC PERFORMANCE—EQUITY—INADEQUACY OF REMEDY AT LAW.

Specific performance of a contract is an equitable remedy, jurisdiction to decree which rests on the ground of the inadequacy and incompleteness of the remedy at law.

2. SAME—NOT A REMEDY OF RIGHT—DISCRETION OF COURT.

Relief by specific performance is not a remedy of right but rests in the sound discretion of the court and will be refused when it is clearly inequitable to grant it.

3. SAME—VENDOR AND PURCHASER—MUTUALITY.

Relief by specific performance is available to a vendor under a land contract as well as to a vendee on the ground of mutuality.

4. SAME—ENFORCEABLE IN EQUITY ONLY.

 A suit for the specific performance of a contract being a purely equitable remedy, relief can be granted only by a court of equity and not by a court of law.

5. VENDOR AND PURCHASER—LAND CONTRACT MORATORIUM ACT— EQUITY—JURISDICTION.

 Since the purpose of the so-called land contract moratorium act is to prevent the sacrifice of the real estate involved and no such result need follow if judgment for the amount due be entered in an action at law, bill to restrain such action at law and obtain relief under above act *held,* properly dismissed as without jurisdiction of court of equity (Act No. 122, § 25a, Pub. Acts 1933).

Appeal from Wayne; Ferguson (Homer), J. Submitted January 24, 1935. (Docket No. 58, Calendar No. 38,009.) Decided March 5, 1935.

Bill by Myron A. Keys against George H. Hopper and wife to restrain an action at law and for other relief under Act No. 122, Pub. Acts 1933. Bill dismissed. Plaintiff appeals. Affirmed.

*Friedman, Meyers & Keys (Sylvan Rapaport,* of counsel), for plaintiff.

*Addison D. Connor,* for defendants.

NELSON SHARPE, J. The plaintiff entered into three contracts with the defendants for the purchase of certain real estate in the township of Greenfield, in the county of Wayne. Owing to default in keeping up the payments provided for therein, the defendants on January 24, 1934, brought an action at law to recover a judgment for the amounts due thereon. On February 20, 1934, the bill of complaint herein was filed for the purpose of obtaining relief under the provisions of Act No. 122, Pub.

Acts 1933. The defendants moved to dismiss for want of jurisdiction of the circuit court in chancery. An order of dismissal was entered, from which the plaintiff has appealed.

Act No. 122 is an amendment of Act No. 314, Pub. Acts 1915 (the judicature act), by adding five sections to chapter 30 thereof, which is entitled, "proceedings to recover the possession of land in certain cases." Section 25a provides that—

"In all actions now pending for the forfeiture, foreclosure or specific performance of any executory contract for the purchase of real estate in which a writ of restitution has not issued and in any action hereafter commenced for the forfeiture, foreclosure or the specific performance of such contracts, the circuit court in chancery of the county in which the property is located may upon proper application of the owner or owners or any person or persons liable on said contract take jurisdiction of such foreclosure proceeding the same as though a bill of complaint had been filed in said court in the first instance for the forfeiture, foreclosure or specific performance of such contract and the court may from time to time, unless upon hearing of said application good cause is shown to the contrary, order such cause continued until not later than March one, nineteen hundred thirty-five."

It further provides for orders by the court for possession, for restitution of the rents, income and profits of the real estate, and for the payment of taxes, insurance, cost of maintenance and upkeep of the premises.

The question here presented is whether the action at law, brought by the defendants to recover the amounts due on the land contracts, is one for the specific performance thereof and entitles the plaintiff to the relief provided for under this section.

"Specific performance of a contract is an equitable remedy of very ancient origin, and has been declared to be the most useful one of the various equitable remedies. Jurisdiction to decree the specific performance of agreements rests on the ground of the inadequacy and incompleteness of the remedy at law." 25 R. C. L. p. 202.

"It is a well-settled rule that relief by specific performance is not a remedy of right, but rests in the sound discretion of the court, and will be refused when it is clearly inequitable to grant it." *Dysarz v. Janczarek,* 238 Mich. 529, 532.

Relief by specific performance is available to a vendor as well as to a vendee on the ground of mutuality. *Pearson v. Gardner,* 202 Mich. 360 (L. R. A. 1918 F, 384). It is never "a remedy of right, but rests in the sound discretion of the court." *St. Pierre v. Masson,* 243 Mich. 60, 64.

"A suit for the specific performance of a contract being a purely equitable remedy, relief can be granted only by a court of equity and not by a court of law." 58 C. J. p. 848.

The purpose of this and the other so-called moratorium statutes is to prevent the sacrifice of the real estate involved in mortgages and land contracts. No such result need follow if a judgment for the amount due be entered in an action at law.

In *Becker v. Detroit Savings Bank,* 269 Mich. 432, an action at law was brought by the bank to recover from the plaintiff, the mortgagor, the full amount of the principal and past due interest on the mortgage, whereupon the plaintiff filed a bill in chancery to obtain relief under Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 (Ex. Sess.). It was there held that "the statute affords no relief

to mortgagors who are sued at law on mortgage notes.'' Act No. 20, under which this relief was sought, applies to actions for the specific performance of land contracts as well as to actions for the foreclosure of real estate mortgages.

The order dismissing the bill is affirmed, with costs to appellees.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.