MASSACHUSETTS MUTUAL LIFE INSURANCE CO. *v.*
KOVINSKY.

1. MORTGAGES—FORECLOSURE—MORATORIUM RELIEF.

In suit to foreclose mortgage on office building wherein answer
admitted alleged defaults, moratorium relief, consisting of
$1,500 monthly payment to mortgagee to be applied in pay-
ment of taxes and permission to apply for excess is modified
to let plaintiff take decree with sale postponed until expira-
tion of maximum period permissible under moratorium statute
(Act No. 98, Pub. Acts 1933, as amended).

2. SAME—FORECLOSURE SALE—MORATORIUM RELIEF.

Sale of property in regular course after decree of foreclosure of
mortgage thwarts purpose of moratorium act in that mortgagor
loses benefit of more favorable economic conditions to reduce
deficiency and is burdened with costs for service, advertising
and commissioner's fees during moratorium (Act No. 98, Pub.
Acts 1933, as amended).

3. SAME—MORATORIUM RELIEF—DISCRETION OF COURT.

Granting relief under mortgage moratorium act is a matter of
discretion for trial court and will be sustained unless an abuse
of discretion is affirmatively shown (Act No. 98, Pub. Acts
1933, as amended).

4. SAME—PURPOSE OF MORATORIUM ACT.

The purpose of the mortgage moratorium act is to prevent valu-
able property from being sold at distress prices occasioned by
an economic emergency and to give mortgagors a chance to
preserve their equities (Act No. 98, Pub. Acts 1929, as
amended).

5. SAME—MORATORIUM RELIEF—DISCRETION OF COURT—REDEMPTION
PERIOD.

That order granting moratorium relief for full period permitted
by statute in effect extended the time in which redemption
might be had six months or more beyond such moratorium

period *held,* not an abuse of discretion under circumstances disclosing a substantial equity in the mortgagor and a more favorable situation in the offing (Act No. 98, Pub. Acts 1933, as amended).

WIEST, J., dissenting in part.

Appeal from Oakland; Hartrick (George B.), J. Submitted June 4, 1936. (Docket No. 62, Calendar No. 39,002.) Decided October 5, 1936.

Bill by Massachusetts Mutual Life Insurance Company, a Massachusetts corporation, against Jacob Kovinsky and others to foreclose a mortgage. Petition for moratorium relief under Act No. 98, Pub. Acts 1933, as amended. From order granting relief, plaintiff appeals. Modified and affirmed.

*Dudley E. Whiting,* for plaintiff.

*Pelton & McGee,* for defendants.

WIEST, J. (*dissenting in part*). Plaintiff filed the bill herein to foreclose a mortgage on a recently constructed 14-story office building in the city of Pontiac. The mortgage was executed by defendants Kovinsky in July, 1928, for $500,000. In November, 1931, the mortgagors conveyed the premises, by warranty deed, to defendant Peoples State Building Company, a corporation. The mortgage being in default for nonpayment of stipulated instalments, interest and taxes the bill to foreclose was filed in August, 1935. Defendants appeared and, by answer, admitted all alleged defaults.

In March, 1936, defendant Peoples State Building Company filed a petition for moratorium relief and later, by amendment, defendant Jacob Kovinsky joined therein, and they asked that the foreclosure proceeding be continued to March 1, 1937. A hear-

ing was had upon the petition, testimony was taken and the foreclosure proceeding continued to March 1, 1937, and an order entered granting moratorium relief upon defendants paying $1,500 per month of the rental of the premises, to be applied by plaintiff on taxes theretofore or thereafter paid and required defendants to furnish plaintiff a monthly accounting of the net revenue from the operation of the building, with leave to plaintiff to file a petition for the excess of all net revenues over and above the operation costs should the same at any time exceed the rental fixed by the court.

This appeal is from that order, the claim being made that the amount now due under the mortgage, inclusive of principal, interest and taxes, exceeds the value of the property and no showing was made of any possibility of refinancing by defendants but only delay of rights of plaintiff.

Defendants claim there is a substantial equity above the sum due.

The court found $634,298.41 due on the mortgage for principal, interest and taxes; that the property has a value of upward of $200,000 in excess of the sum due and that the revenue from the property was ample for upkeep, tax requirements and some payment of interest, "with a more favorable situation in the immediate offing."

The case can be reasoned otherwise with some plausibility, but we are not prepared to hold the circuit judge abused discretion in granting the moratory relief. There was, however, no reason for staying hearing of the foreclosure suit and thereby postponing entry of decree until after March 1, 1937, with consequent delay thereafter in order to advertise sale and, after sale, the further period of right to redeem.

The stay of hearing and entry of decree should be vacated and plaintiff may proceed to hearing and, upon decree, may have sale, and then have the period of right of redemption run along with, but not supplant, the moratory relief.

No costs.

NORTH, C. J. I cannot concur with the opinion of Mr. Justice WIEST to the full extent in which he has modified the moratorium order of the circuit judge. Since defendants' answer admits the defaults alleged in the bill of complaint, I can and do concur in that portion of Justice WIEST's opinion which modifies the circuit judge's moratorium order by permitting plaintiff to proceed to the taking of a decree. Taking the decree will insure timely and final adjudication of the rights of the respective parties without appreciable extra burden of expense or prejudice to any of the parties litigant.

However, I cannot agree to that part of the modification wherein it is further provided that after taking the decree plaintiff herein may have a sale of the mortgaged property. As noted in Justice WIEST's opinion the circuit judge found there is $200,000 equity in the property, and a more favorable situation in the immediate offing. Sale of the mortgaged property in regular course following the decree will necessitate substantial costs for service, advertising, and commissioner's fees. This will result in an unnecessary hardship in that it will burden the mortgagor or the mortgaged property with this extra expenditure prior to the expiration of the moratorium period; and further it will prevent the accomplishment of one of the purposes of moratorium legislation, i. e., temporary continuation of the *status quo*. Further, and of greater importance, immediate sale

deprives the mortgagor (or those standing in his place) of one of the principal benefits afforded by a moratorium, *i. e.,* a sale of the property at a later date when it is expected that more favorable economic conditions will result in obtaining a better price for the mortgaged property.

"The purpose of this and other so-called moratorium statutes is to prevent the sacrifice of the real estate involved in mortgages and land contracts." *Keys* v. *Hopper,* 270 Mich. 504.

"The granting of relief under the mortgage moratorium act is a matter of discretion for the trial court and will be sustained unless an abuse of discretion is affirmatively shown. * * * The purpose of the moratorium act is to prevent valuable property from being sold at distress prices occasioned by an economic emergency, and give mortgagors a chance to preserve their equities." *Youngs* v. *Burleson,* 274 Mich. 132.

See, also, *Detroit Trust Co.* v. *Slack,* 273 Mich. 461. If delay of sale accomplishes no more than a reduction in the deficiency, it is of serious moment to the mortgagor. It is not unfair to the mortgagee. It avoids circumstances which tend strongly to chill the mortgage sale; and it helps to accomplish a fundamental purpose of moratorium legislation.

It is not an answer nor an objection to say that sale at the expiration of the moratorium period, herein fixed by the court as March 1, 1937, will extend the time within which there may be redemption six months or more beyond such moratorium period. Surely the circuit judge who fixes the term of a moratorium is aware of this result; and if it is inequitable he can and should shorten the moratorium term accordingly. In the instant case the circuit

judge did not see fit to do so. Instead he decreed a moratorium to March 1, 1937. This record does not disclose an abuse of discretion. There should be no modification of the moratorium in this particular, especially in the face of the circuit judge's finding of ''a more favorable situation in the offing.''

The moratorium order of the circuit judge is modified, but only in accordance herewith. No costs are awarded.

Fead, Butzel, Bushnell, Sharpe, and Toy, JJ., concurred with North, C. J. Potter, J., did not sit.