KENNEDY v BRADY

1. VENDOR AND PURCHASER—TIME FOR PERFORMANCE—MODIFICATION
   —PAROL EVIDENCE.

   Parol evidence may be used to show a modification of the time for
   performance of a written contract for the sale of land.

2. SPECIFIC PERFORMANCE—CONTRACTS—DISCRETION.

   Specific performance of contracts is a remedy of grace and not of
   right, and rests within the sound discretion of the court, to be
   decreed or not, depending upon what shall seem just and
   equitable under the peculiar circumstances of each case.

3. CONTRACTS—PERFORMANCE TIME—ESSENCE OF CONTRACT—LAW—
   EQUITY.

   A time fixed for the performance of a contract is considered at
   law to be the essence of the contract but, unless the parties
   expressly stipulate in the contract to this effect, equity consid-
   ers it to be otherwise and will decree execution of the contract
   notwithstanding time for its performance has elapsed unless
   the party seeking the aid of equity has been culpably negligent,
   or has wilfully delayed his performance.

4. CONTRACTS—PERFORMANCE TIME—WAIVER—REASONABLE TIME.

   Once a stipulated time for performance of a contract has been
   waived, the party in whose favor the waiver operates is bound
   thereafter only to perform within a reasonable time unless a
   specific extension of time has been granted, in which case the
   new time fixed becomes of the essence.

5. CONTRACTS—PERFORMANCE TIME—WAIVER—RESCISSION.

   When the time for performance fixed in a contract is permitted to

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Vendor and Purchaser § 4.
[2] 49 Am Jur, Specific Performance §§ 8, 9.
[3] 17 Am Jur 2d, Contracts §§ 332–336.
[4, 5] 17 Am Jur 2d, Contracts § 334.
[6] 17 Am Jur 2d, Contracts § 356.
[7] 20 Am Jur 2d, Costs §§ 87, 88.
[8] 5 Am Jur 2d, Appeal and Error § 1013.

pass, both parties concurring, the time for performance thereafter becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given.

6. CONTRACTS—PERFORMANCE—WAIVER—QUESTION OF FACT.

The question of whether a party has waived strict performance of a written contract is one of fact.

7. COSTS—ATTORNEY FEES.

The power to tax costs is governed by statute and court rule and, in the absence of any authority, attorney's fees cannot be awarded to the winning party at law or in equity; if, in awarding attorney's fees, reliance is placed on the general powers of a court in chancery, some showing of inequitable result is required to justify the award and, absent such a showing, the award is improper (MCLA 600.2401; GCR 1963, 526).

8. APPEAL AND ERROR—APPEAL BOND—AMOUNT—MOOT QUESTION.

The question of whether the amount of an appeal bond was excessive is moot where the Court of Appeals, six months before decision, denied appellants' motion to reduce the amount.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 October 4, 1972, at Lansing. (Docket No. 13510.) Decided November 28, 1972.

Complaint by Ronald J. Kennedy and Sylvia J. Kennedy against Warren Brady and Marjorie Brady for specific performance of a contract for the sale of land. Judgment for plaintiffs. Defendants appeal. Affirmed and remanded for assessment of costs.

*Kleeb & Coughlin,* for plaintiffs.

*James E. Wells,* for defendants.

Before: QUINN, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

VAN VALKENBURG, J. Plaintiffs sought specific performance of a sales agreement, whereby defendants agreed to sell to plaintiffs a certain piece of residential property located at 4039 South Woods Road, Cone Lake, Livingston County, Michigan for a total price of $43,000. After a full evidentiary hearing, the trial court ordered defendants to specifically perform pursuant to the terms of the sales agreement. Defendants appeal as of right.

The sales agreement in question is the uniform sales agreement document approved by the Michigan Real Estate Association. The agreement provided for a cash deal with $1000 being paid as earnest money and further provided for a closing date on or before May 1, 1971 with possession being on or before June 1, 1971. The closing date was changed, by a written modification to the agreement, to on or before May 15, 1971. Plaintiffs were in the process of selling their home in Livonia, Michigan, the proceeds of that sale accounting for part of the money to be used for the purchase of defendants' property. When it appeared that the sale of plaintiffs' home would not be consummated before May 15, 1971, plaintiffs sought to have the closing date for the purchase of defendants' property extended to May 21, 1971. There was conflicting evidence as to whether defendants orally agreed to the requested delay. Plaintiffs asserted that defendants agreed to that delay, while defendants denied the same.

Three issues are presented for our consideration.

First, did the trial court correctly apply Michigan law in awarding specific performance to the plaintiffs under these conditions?

Michigan case law clearly holds that the time for performance of a written contract for sale of land may validly be modified by parol. *Loveridge v*

*Shurtz,* 111 Mich 618 (1897); *Frazer v Hovey,* 195 Mich 160 (1917); *Bugajski v Siwaka,* 200 Mich 415 (1918); *Waller v Lieberman,* 214 Mich 428 (1921); *Burstein v Alldis,* 234 Mich 1 (1926); *Gardner v Batsakes,* 13 Mich App 454 (1968).

The general rule governing the granting of specific performance of contracts on the part of the trial judge was originally promulgated by Justice COOLEY in *Smith v Lawrence,* 15 Mich 499, 501 (1867):

"The specific performance of contracts must always rest in the sound discretion of the court, to be decreed or not as shall seem just and equitable under the peculiar circumstances of each case."

This rather ancient statement of the law, together with other citations was reaffirmed in *Nedelman v Meininger,* 24 Mich App 64, 76 (1970):

"Specific performance is a remedy of grace and not of right, resting within the sound discretion of the court, the granting of which depends upon the peculiar circumstances of each case. *St Pierre v Masson* (1928), 243 Mich 60; *Marvin v Solventol Chemical Products Inc* (1941), 298 Mich 296; *Rex Oil & Gas Company v Busk* (1953), 335 Mich 368; *First Baptist Church of Dearborn v Solner* (1954), 341 Mich 209; *Star Realty Inc v Bower* (1969), 17 Mich App 248."

The defendants contend that time was the essence of the contract and that there could be no extension following May 15, 1971. Fortunately, our Supreme Court has spoken on this subject in *Waller v Lieberman,* 214 Mich 428, 439 (1921):

"Where a time is fixed for the performance of a contract, it is at law considered to be the essence of the contract; but, unless the parties expressly stipulated that it shall be so, it is otherwise considered in a court of equity; and its execution will be decreed notwith-

standing the time has elapsed for its performance, unless there has been a culpable negligence, a wilful delay on the part of him who is seeking the aid of a court of equity."

A restatement of this rule can be found in the more recent case of *A1-Oil, Inc v Pranger,* 365 Mich 46, 53 (1961), in which the Court quoted with approval 17 CJS, Contracts, § 506, pp 1080–1081:

"Where a stipulation for performance at a particular time has been waived the party in whose favor the waiver operates is thereafter bound only to perform within a reasonable time except in a case where there has been a specific extension of time, in which case it is held that the new time fixed becomes of the essence, as was the case in the original contract. So, where the time fixed by the contract for performance is permitted to pass, both parties concurring, the time of performance thereafter becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given."

The rule is well established that appeals in chancery are reviewed *de novo.* However, this Court does not generally reverse or modify the trial court's determination unless convinced that we would have reached different conclusions had we occupied the position of the trial court. *Wells v Wells,* 330 Mich 448 (1951); *Socha v Socha,* 5 Mich App 404 (1966); *Georges v Ballard,* 20 Mich App 554 (1969); *Rose v Fuller,* 21 Mich App 172 (1970); and *Nedelman, supra.*

Patently, the conclusion as to whether or not the defendants had waived strict performance of the written contract is essentially a question of fact which can be resolved only by the adoption of either defendants' or plaintiffs' frequently conflicting testimony as to the events which transpired. The trial court believed the plaintiffs and held

that in truth and in fact that the defendants had waived their rights to strict compliance of the written contract and that the closing date was extended to May 21, 1971. A close review of the records and briefs convinces us that the trial court was correct.

Secondly, the defendants contend that the trial court erred in assessing attorney fees in the amount of $450 against them. This challenge is well founded as it is controlled by our decision in *Gundersen v Village of Bingham Farms,* 1 Mich App 647, 648–649 (1965).

"The power to tax costs is wholly statutory. *Kuberski v Panfil* (1936), 275 Mich 495. Chapter 24 of PA 1961, No 236 (CLS 1961, § 600.2401 *et seq.* [Stat Ann 1962 Rev § 27A.2401 *et seq.]*) is the statutory authority for costs. Section 2401 provides in part, 'Except as otherwise provided by statute, the Supreme Court shall by rule regulate the taxation of costs.' GCR 1963, 526 is the Supreme Court rule on costs; it does not provide for attorney fees. No other section of chapter 24 *supra* authorizes an attorney fee as here involved. The trial court indicated that the attorney fee was allowed because the case was a chancery matter. No statute or rule is cited to support its position, and if reliance is placed on the general powers of a court in chancery, some showing of inequitable result is required to justify the award. *Merkel v Long* (1965), 375 Mich 214. There is no such showing here. The attorney fee was improperly awarded."

In *City of Berkley v Holmes,* 34 Mich App 417, 427–428 (1971), this Court remarked:

"[W]e also note that private parties who pursue individual legal and equitable remedies must bear the expenses of such litigation, subject to statutory provisions which provide otherwise. * * * No statutory authority exists to support the trial court's award of

attorney fees to defendant in this instance, MCLA § 600.2405(6) (Stat Ann 1962 Rev § 27A.2405).

"The trial court abused its discretion in granting attorney's fees, in any amount, to defendant." (Emphasis added.)

See also *Merkel v Long,* 368 Mich 1 (1962).

Therefore, the trial court improperly assessed as a cost the attorney fees.

Thirdly, the defendants argue that the trial court erred in requiring them to furnish a corporate surety bond in the amount of $40,000 pending their appeal to this Court. This contention is without merit. The defendants cite no authority to support their position that the appeal bond was improperly required. Further, the sale price was $43,000, and this Court denied the motion to reduce the amount of the appeal bond on April 5, 1972. Accordingly, there appears to be no compelling reason for this Court now to hold that the appeal bond was improperly assessed or that it is excessive in amount.

Affirmed except as to costs. Remanded for assessment of costs in accordance with this opinion. No costs in this Court, as neither party has prevailed in full.

All concurred.