WILHELM v DENTON

Docket No. 77-2442. Submitted December 6, 1977, at Grand Rapids.—
Decided April 4, 1978.

Leora Wilhelm brought a complaint against Arthur T. Denton
and Linda C. Denton alleging breach of a contract to purchase
certain real estate and seeking an order of specific performance
of that contract. Plaintiff also filed a motion to amend her
complaint to include damages in the alternative and for declar-
atory relief to control the resale of the property in the event
the court felt that specific performance was not a proper
remedy. The parties made cross motions for summary judg-
ment. The Circuit Court for the County of Emmet, Martin B.
Breighner, J., denied plaintiff's request to amend the complaint
and granted summary judgment to the defendants. The court
held that the plaintiff would have an adequate remedy at law
and that since the property had not been resold a suit for
damages was premature. Plaintiff appeals. *Held:*

A trial court has the discretion to award specific performance
of a contract to transfer title to realty even where a remedy at
law exists for the plaintiff. Specific performance should be
awarded in such a case in the absence of some showing that to
do so would be inequitable.

Reversed and remanded.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—CONTRACTS—
LAND.

The vendor in a contract involving land may be entitled to
specific performance of the contract in an appropriate case.

2. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—CONTRACTS—
REMEDY AT LAW—ADEQUACY—LAND.

The adequacy of a remedy at law is not a bar to specific perform-
ance where a contract involves the sale of realty.

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, Specific Performance §§ 115, 119, 126.
[2] 71 Am Jur 2d, Specific Performance §§ 153, 154.
[3, 4] 71 Am Jur 2d, Specific Performance §§ 7, 113.

3. SPECIFIC PERFORMANCE—COURT'S DISCRETION—MATTER OF RIGHTS.

    The grant of specific performance of a contract is within the discretion of a trial court and cannot be demanded as a matter of right.

4. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—COURT'S DISCRETION—CONTRACTS—LAND—BREACH.

    Specific performance of a contract to sell land may not be arbitrarily refused by a trial court and in the exercise of sound judicial discretion should be granted, in the absence of some showing that to do so would be inequitable.

*Richard H. Scholl,* for plaintiff.

Before: DANHOF, C. J., and M. J. KELLY and T. M. BURNS, JJ.

PER CURIAM. Plaintiff brought this action for specific performance of a written contract to sell realty. The trial court granted summary judgment to the defendants, holding that plaintiff, the vendor, would have an adequate remedy at law and that since the property had not been resold a suit for damages was premature. The trial court had earlier refused plaintiff's request to amend her complaint to include declaratory relief to control the resale of the property to avoid problems of mitigation of damages. Plaintiff appeals and we reverse.

This case calls for application of well-settled principles. The vendor in a contract involving land may be entitled to specific performance in an appropriate case. *Pearson v Gardner,* 202 Mich 360; 168 NW 485; 1918F LRA 384 (1918), *Coleman v Larsen,* 243 Mich 618; 220 NW 670 (1928), 71 Am Jur 2d, Specific Performance, § 115. The adequacy of a remedy at law is not a bar to specific performance where the contract involves realty. *Janiszewski v Shank,* 230 Mich 189, 193; 202 NW 949 (1925), *Brin v Michalski,* 188 Mich 400, 405–

406; 154 NW 110 (1915), *Lutz v Dutmer,* 286 Mich 467, 482–483; 282 NW 431 (1938).

The grant of specific performance is within the discretion of the trial court and cannot be demanded as a matter of right. However, when the subject of the contract is the sale of land, specific performance may not be arbitrarily refused, and in the exercise of sound judicial discretion should be granted, in the absence of some showing that to do so would be inequitable. *Foshee v Krum,* 332 Mich 636; 52 NW2d 358 (1952), *Hager v Rey,* 209 Mich 194; 176 NW 443 (1920).

Since the judgment below was entered on cross-motions for summary judgment, the record is not sufficient to allow us to order specific performance. It does show, however, that the reasons given by the trial court for denying specific performance are erroneous. We therefore vacate the judgment and remand for the taking of proofs on plaintiff's complaint.

This disposition renders discussion of plaintiff's second issue unnecessary.

Reversed for proceedings not inconsistent with this opinion. Costs to appellant.