*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH LYNN FOSTER,

        Plaintiff/Counterdefendant-
        Appellant/Cross-Appellee,

v

RAY JAMES FOSTER,

        Defendant/Counterplaintiff-
        Appellee/Cross-Appellant.

UNPUBLISHED
May 18, 2023

No. 355654
Dickinson Circuit Court
Family Division
LC No. 07-015064-DM

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In this divorce case, defendant, Ray James Foster, cross-appeals by right[1] the trial court's order denying an award of attorney fees and costs from plaintiff, Deborah Lynn Foster. We affirm.

## I. BACKGROUND

The dispute between the parties spans more than a decade and has been before both this Court and our Supreme Court on many occasions to address the division of military benefits as set forth in the parties' 2008 consent judgment of divorce. The underlying facts and procedural history, which are not in dispute for purposes of this appeal, have already been set forth by prior opinions of this Court and by our Supreme Court:

> The parties' consent judgment of divorce was entered in December 2008. At the time of the divorce, defendant was receiving both military retirement pay and military disability benefits for injuries he sustained during the Iraq War. Pursuant to their property settlement, plaintiff was awarded 50% of defendant's retirement pay, also known as "disposable military retired pay." She was not awarded any of defendant's military disability benefits. To protect plaintiff in the

---

[1] Plaintiff's primary appeal has been involuntarily dismissed.

event that defendant became entitled to (and accepted) more disability benefits than he currently received, consequently diminishing the retirement benefits that were divided and awarded to plaintiff, the parties agreed to include a provision in the consent judgment of divorce that has become known as the "offset provision." In the offset provision, if defendant elected to receive an increase in disability pay, he agreed to pay plaintiff an amount equal to what she would have received had defendant not elected to do so. [*Foster v Foster*, 509 Mich 109, 115; 983 NW2d 373 (2022), amended 509 Mich 988 (2022) (*Foster III*).]

This "offset provision" has been the centerpiece of the dispute between the parties. The parties disputed whether federal law preempted the offset provision and voided the consent judgment of divorce. Plaintiff brought her petition in 2010

seeking to hold defendant in contempt for failing to comply with the consent judgment. A few months later, defendant argued, for the first time, that under federal law, [Combat-Related Special Compensation (CRSC)] benefits are not subject to division in a divorce action. In an opinion and order dated October 8, 2010, the trial court denied plaintiff's request to hold defendant in contempt but ordered defendant to comply with the provisions of the judgment. The trial court acknowledged that it did not have the power to divide military disability pay but noted that the parties here had agreed upon the division and neither party had moved to set aside the judgment on the ground of mutual mistake. The trial court warned that if defendant failed to comply with the order that he would be held in contempt.

On March 25, 2011, plaintiff filed a petition to hold defendant in contempt, alleging that he had not made any payments as ordered. Although he did not appear at the hearing, defendant filed a response, arguing that he was not in contempt and, for the first time, arguing that the issue was within the jurisdiction of the federal courts. On May 10, 2011, the trial court entered an order holding defendant in contempt, granting a money judgment to plaintiff, and issuing a bench warrant for defendant's arrest because he did not appear at the hearing.

At a show-cause hearing on June 27, 2014, defendant, relying on 10 USC 1408 and 38 USC 5301, argued that he could not assign his disability benefits and that the trial court had erred by not complying with federal law. The trial court observed, "[W]e have litigated this issue and re-litigated this issue and it has not been properly appealed." The trial court ordered plaintiff to pay the arrearage.

On September 22, 2014, the trial court entered an order holding defendant in contempt and ordering him to pay the arrearage and attorney fees. Defendant appealed that order in the Court of Appeals. [*Foster III*, 509 Mich at 116-118 (alteration in original).]

We initially affirmed the trial court's order, *Foster v Foster*, unpublished per curiam opinion of the Court of Appeals, issued October 13, 2016 (Docket No. 324853), but our Supreme Court reversed and remanded for reconsideration in light of *Howell v Howell*, 581 US 214; 137 S Ct 1400; 197 L Ed 2d 781 (2017). *Foster v Foster*, 501 Mich 917; 903 NW2d 189 (2017) (*Foster I*).

We again affirmed, *Foster v Foster (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2018 (Docket No. 324853), and defendant sought review from our Supreme Court a second time. Our Supreme Court held "that federal law preempts state law such that the consent judgment is unenforceable to the extent that it required defendant to reimburse plaintiff for the reduction in the amount payable to her due to his election to receive CRSC." *Foster v Foster*, 505 Mich 151, 156; 949 NW2d 102 (2020) (*Foster II*). The *Foster II* Court remanded for us to "address the effect of our holdings on defendant's ability to challenge the terms of the consent judgment." *Id.*

On remand a second time, we "reverse[d] the trial court's order requiring defendant, under the offset provision in the consent judgment, to make payments to plaintiff to cover the reduction in his retirement pay." *Foster v Foster (On Second Remand)*, unpublished per curiam opinion of the Court of Appeals, issued June 30, 2020 (Docket No. 324853), p 1. Additionally, regarding the subject-matter jurisdiction question, we held that "defendant did not engage in an improper collateral attack on the consent judgment and the trial court lacked subject-matter jurisdiction to enforce the consent judgment with respect to the offset provision due to the principle of federal preemption." *Id.* at 2. Our Supreme Court again reversed, holding "that federal preemption under 10 USC 1408 and 38 USC 5301 does not deprive our state courts of subject-matter jurisdiction over a divorce action involving the division of marital property." *Foster III*, 509 Mich at 130. As a result, although "the offset provision in the parties' consent judgment of divorce was 'a mistake in the exercise of undoubted jurisdiction,' that judgment is not subject to collateral attack." *Id.* (citation omitted).

When plaintiff's application for leave to appeal our June 30, 2020 decision was still pending before our Supreme Court, defendant brought in the trial court a motion for restitution and for attorney fees and costs. Defendant argued that, under *Foster II*, the consent judgment of divorce had illegally required him to pay his CRSC pay to plaintiff in violation of federal law. He sought more than $74,000 in restitution and interest for the payments made to plaintiff between June 2014 and May 2020. Defendant further argued that attorney fees and costs were proper because of the extensive litigation in this case. Defendant set forth documentation, which plaintiff did not dispute, showing that he had incurred $4,038.06 in court costs and $145,650 in attorney fees.

The trial court, relying on *Foster II* and *Howell*, granted defendant $72,000 in restitution but denied his request for attorney fees and costs. The trial court found

> that the Defendant's attachments are supportive of the amount he has expended pursuing his appeals. The Court does not believe that the amounts have been embellished or exaggerated or that the attorney fees are in any way unreasonable. The Court acknowledges it has absolutely no idea how much the plaintiff has expended in this legal nightmare.

However, the trial court denied defendant's request for attorney fees and costs because "[c]osts and attorney fees are different and this Court is of the opinion there is no wrong doing by the Plaintiff to suggest that equity requires her to pay [Defendant's] attorney fees in this action in addition to her own."

Plaintiff filed her appeal in this Court challenging the trial court's award of restitution. We held our decision in abeyance pending our Supreme Court's decision in *Foster III*. See *Foster v Foster*, unpublished order of the Court of Appeals, entered February 10, 2021 (Docket No. 355654). Our Supreme Court rendered its decision on April 5, 2022. See *Foster III*, 509 Mich 109. Plaintiff filed a motion for peremptory reversal, which we denied. *Foster v Foster*, unpublished order of the Court of Appeals, entered May 23, 2022 (Docket No. 355654). After failing to submit a brief, plaintiff's appeal was involuntarily dismissed, *Foster v Foster*, unpublished order of the Court of Appeals, entered June 29, 2022 (Docket No. 355654), which leaves pending only defendant's cross-appeal for attorney fees and costs.

## II. STANDARD OF REVIEW

In a divorce action, this Court reviews for an abuse of discretion an award of attorney fees. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). The trial court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

## III. ANALYSIS

Defendant alleges that the trial court abused its discretion by failing to award him attorney fees and costs. We disagree.

At the outset, we note that the issue before us is a narrow one, the payment of attorney fees and costs.[2] Michigan follows the "American Rule," which states that "attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020) (quotation marks and citation omitted). For cases involving divorce, the recovery of attorney fees is governed both by statute and court rule, namely MCL 552.13 and MCR 3.206(D).[3] *Colen*, 331 Mich App at 301. A party has no absolute right to recover attorney fees and costs. *Id*. MCL 552.13(1) provides in relevant part:

---

[2] Much of defendant's cross-appeal seemingly relitigates the issue of whether the consent judgment of divorce, which contained the disputed offset provision, was valid and enforceable. However, such issues have been addressed and decided by our Supreme Court in *Foster III*, which expressly rejected defendant's contention that the consent judgment of divorce was void from the outset. See *Foster III*, 509 Mich at 123-130. Although defendant may adamantly disagree with this decision, opinions by our Supreme Court are binding on this Court, *Youmans v Bloomfield Charter Twp*, 336 Mich App 161, 219-220; 969 NW2d 570 (2021), and represent the law of the case, *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Bd of Trustees v Pontiac (On Remand)*, 317 Mich App 570, 582; 895 NW2d 206 (2016). Moreover, his disagreement with the outcome of other appeals has no bearing on the limited issue raised here.

[3] MCR 3.206 was subsequently amended after defendant filed his motion for restitution and attorney fees and costs; however, no changes were made to subrule (D). See MCR 3.206, as amended March 24, 2021.

In every action brought, either for a divorce or for a separation, the court may require either party . . . to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency. It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver.

MCR 3.206(D) provides:

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses *must* allege facts sufficient to show that:

(a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, *or*

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules. [Emphasis added.]

Additionally, a motion brought under MCR 3.206(D) "must be brought within a reasonable time after the fees sought were incurred" and "what constitutes a reasonable time depends on the particular facts and circumstances of each case." *Colen*, 331 Mich App at 304.

In the present case, in support of his request for attorney fees, defendant highlighted the extent of litigation that had occurred since 2014, which included multiple appeals filed before both this Court and our Supreme Court. He argued that this had forced him "to incur additional costs, expenses and attorneys' fees in defending that appeal" and that he would continue to do so because plaintiff had sought review from our Supreme Court. He submitted that the requested costs and fees were reasonable because of his attorneys' experience, flat fees, and hourly rate, which plaintiff did not dispute. However, noticeably absent was any showing by defendant that (1) he was unable to bear the expense of the action and that plaintiff was able to pay, or that (2) he incurred the fees and costs because plaintiff disobeyed a prior court order or violated some rule during discovery. See MCR 3.206(D)(2). By failing to show either of these two requirements, defendant's request for attorney fees fell short.

Defendant did not attempt to correct this deficiency on appeal. Instead of showing that either of the two requirements of MCR 3.206(D)(2) were met, defendant essentially contends that equity requires that he be permitted to recover attorney fees and costs of this litigation because he was forced to incur them defending an action in which the consent judgment of divorce was ruled to be void. However, as previously discussed, *Foster III* expressly *rejected* defendant's argument that the consent judgment of divorce was void. Although defendant may adamantly disagree, this has no bearing on the issue's resolution. Furthermore, we have previously held that "it is improper

-5-

to award attorney fees on general equitable principles." *In re Adams Estate*, 257 Mich App 230, 237; 667 NW2d 904 (2003).

Nor are we persuaded that the trial court's decision would lead to an "inequitable result." See *Walch v Crandall*, 164 Mich App 181, 193; 416 NW2d 375 (1987); *Kennedy v Brady*, 43 Mich App 760, 765; 204 NW2d 779 (1972).[4] Although this dispute has spanned many years and has caused defendant—and plaintiff—to incur fees and costs, the procedural history of this case demonstrates the complexity of the issues involved and the uncertainty of the law governing it. Requiring plaintiff to pay defendant's fees and costs would essentially amount to a punishment for her exercising her appellate rights to fully litigate the issues raised and obtain a final resolution. Defendant has not met his burden to show that the trial court's decision was outside the range of reasonable and principled outcomes.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[4] "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J)(1). However, we recently stated: "We think it reasonable to draw the negative inference that we are not *strictly required* to follow uncontradicted opinions from this Court decided before November 1, 1990, but we think they are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).