# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

LaFONTAINE SALINE, INC v CHRYSLER GROUP, LLC

Docket Nos. 146722 and 146724. Argued March 6, 2014 (Calendar No. 7). Decided June 10, 2014.

LaFontaine Saline Inc., an authorized dealer of Chrysler motor vehicles, brought an action for declaratory relief in the Washtenaw Circuit Court against Chrysler Group LLC and IHS Automotive Group, LLC, under the motor vehicle dealers act (MVDA), MCL 445.1561 *et seq.*, after receiving notice that Chrysler and IHS had signed a letter of intent (LOI) to enter into a dealer agreement that would allow IHS to establish a Dodge dealership within nine miles of plaintiff's dealership if IHS satisfied certain conditions. When LaFontaine and Chrysler entered into a dealership agreement in 2007, the MVDA limited manufacturers' right to establish a dealership within the relevant market area of existing dealers of the same line of vehicles, which was defined as being within six miles; however, in August 2010, the MVDA was amended by 2010 PA 139 to extend the six-mile radius to nine miles. Defendants moved for summary disposition, arguing that 2010 PA 139 did not apply to the proposed dealership because their LOI predated the act's effective date and that 2010 PA 139 should not be applied retroactively. The court, David S. Swartz, J., granted defendants' motion for summary disposition under MCR 2.116(C)(10), and denied plaintiff's motion for reconsideration. Plaintiff appealed. The Court of Appeals, BORRELLO, P.J., and FITZGERALD and OWENS, JJ., reversed, concluding that the issue of retroactivity was immaterial because the LOI was not a dealer agreement and holding that the MVDA allowed plaintiff to bring a declaratory judgment action upon receiving notice of Chrysler's intent to establish a like-line dealership. 298 Mich App 576 (2012). The Supreme Court granted defendants' application to appeal. 495 Mich 870 (2013).

In a unanimous opinion by Justice KELLY, the Supreme Court *held*:

The 2010 amendment of the MVDA that expanded the relevant market area within which a manufacturer must give an existing vehicle dealer notice of its intention to establish a dealership of like-line vehicles from a six-mile radius to a nine-mile radius did not apply retroactively. A manufacturer-dealer relationship, absent contrary language in the contract, incorporates the relevant market area in effect when the dealer agreement was entered. Accordingly, the six-mile relevant market area in effect in 2007 governed the manufacturer-dealer agreement at issue in this case, and summary disposition in defendants' favor was reinstated.

1. The version of the MVDA in effect at the time of both the 2007 Chrysler-LaFontaine dealer agreement and the 2010 Chrysler-IHS LOI defined "dealer agreement" as requiring a writing establishing the legal rights and obligations of the parties with regard to the purchase and sale or resale of new motor vehicles and accessories for motor vehicles. The 2007 Chrysler-LaFontaine dealer agreement complied with these requirements and established the parties' contractual rights. However, the 2010 LOI between Chrysler and IHS was not a dealer agreement under the MVDA because it did not establish these rights and obligations. Rather, the LOI set forth requirements IHS must have met and conditions IHS must have satisfied before Chrysler would accept its offer to enter into a dealer agreement. At most, the LOI was akin to an agreement to agree to a dealer agreement, which was not enforceable because the document or contract that the parties agreed to make was to contain material terms that were not already agreed on. Chrysler and IHS therefore had no contractual rights under the 2010 LOI with which retroactive application of the nine-mile relevant market area could have interfered.

2. The amendments of the MVDA contained in 2010 PA 139 did not apply retroactively. Nothing in the language of 2010 PA 139 suggested the Legislature's intent that the law apply retroactively; retroactive application of the 2010 amendment would have impinged on Chrysler's rights under its dealer agreement with LaFontaine by requiring Chrysler to show good cause for the establishment of a broader geographical range of dealerships; and retroactive application would have granted LaFontaine greater substantive rights than the dealer agreement by allowing LaFontaine to challenge the establishment of any such dealership when it previously could not.

Court of Appeals judgment vacated; case remanded to the trial court for reinstatement of summary disposition in favor of defendants.

©2014 State of Michigan

# Opinion

Chief Justice:           Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED June 10, 2014

STATE OF MICHIGAN

SUPREME COURT

LaFONTAINE SALINE, INC., d/b/a
LaFONTAINE CHRYSLER JEEP DODGE
RAM,

        Plaintiff-Appellee,

v                                   No. 146722

CHRYSLER GROUP, LLC,

        Defendant-Appellant.

_____

LaFONTAINE SALINE, INC., d/b/a
LaFONTAINE CHRYSLER JEEP DODGE
RAM,

        Plaintiff-Appellee,

v                                   No. 146724

IHS AUTOMOTIVE GROUP, LLC, d/b/a
CHRYSLER JEEP OF ANN ARBOR,

        Defendant-Appellant

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

This case concerns whether the 2010 amendment of the Motor Vehicle Dealer Act (MVDA),[1] expanding the relevant market area—the area within which automobile manufacturers are required to notify an existing dealership of the manufacturer's intent to establish a dealership selling the same line of vehicles as that existing dealership—from a six-mile radius to a nine-mile radius, applies retroactively. We conclude that it does not. The 2010 Amendment of the MVDA contains no language suggesting retroactivity, and applying the amendment retroactively would alter the parties' existing contract rights. A manufacturer-dealer relationship, absent contrary language in the contract, incorporates the relevant market area in effect at the time when the dealer agreement was entered. The six-mile relevant market area in effect in 2007, then, governs the 2007 manufacturer-dealer agreement at issue in this case. We therefore vacate the judgment of the Court of Appeals and remand this case to the Washtenaw Circuit Court for reinstatement of summary disposition in favor of defendants Chrysler Group (Chrysler) and IHS Automotive Group (IHS).

I. FACTS AND PROCEDURAL HISTORY

Chrysler and plaintiff LaFontaine Saline Inc. (LaFontaine), an authorized Chrysler automobile dealer, entered into a Dealer Agreement on September 24, 2007. The agreement granted LaFontaine the non-exclusive right to sell Dodge vehicles from its

_____

[1] MCL 445.1561 *et seq*.

2

location in Saline, Michigan, and defined LaFontaine's Sales Locality as "the area designated in writing to [LaFontaine] by [Chrysler] from time to time as the territory of [LaFontaine's] responsibility for the sale of [Chrysler, Jeep, and Dodge] vehicles, vehicle parts and accessories . . . ." The agreement further provided that LaFontaine's "Sales Locality may be shared with other [Chrysler] dealers of the same line-make as [Chrysler] determines to be appropriate."

The parties agree that the 2007 Dealer Agreement is subject to the MVDA, which regulates relationships among automobile manufacturers, distributors, and dealers. In particular, the MVDA's relevant market area provision limits Chrysler's right to establish dealerships of the same line of vehicles in the vicinity of LaFontaine's existing dealership. This section, MCL 445.1576(2), provides:

> Before a manufacturer or distributor enters into a dealer agreement establishing or relocating a new motor vehicle dealer within a relevant market area where the same line make is represented, the manufacturer or distributor shall give written notice to each new motor vehicle dealer of the same line make in the relevant market area of its intention to establish an additional dealer or to relocate an existing dealer within the relevant market area.[2]

This notice requirement further entitles a recipient dealer to file a declaratory judgment action requiring the manufacturer to show good cause for establishing a new dealership within the relevant market area.[3]

---

[2] Although the 2007 Dealer Agreement makes no reference to relevant market area, the parties do not dispute that some version of the MVDA applies to the 2007 Dealer Agreement.

[3] MCL 445.1576(3) provides:

3

At the time Chrysler and LaFontaine entered into their 2007 Dealer Agreement, MCL 445.1566(a) defined "relevant market area" as "the area within a radius of 6 miles of the intended site of the proposed or relocated dealer."[4]  Significantly, this same six-mile radius was in effect when, on February 2, 2010, Chrysler and IHS, another Dodge automobile dealer, entered into a "Letter of Intent to Add Vehicle Line" (LOI).  The LOI provided that Chrysler "will accept [IHS's] offer to enter into an Agreement" to sell Dodge vehicles upon IHS's satisfaction of certain conditions enumerated in the LOI.[5]  The LOI further provided Chrysler the discretionary right to terminate the LOI should

Within 30 days after receiving the notice provided for in subsection (2), or within 30 days after the end of any appeal procedure provided by the manufacturer or distributor, a new motor vehicle dealer may bring a declaratory judgment action in the circuit court for the county in which the new motor vehicle dealer is located to determine whether good cause exists for the establishing or relocating of a proposed new motor vehicle dealer. Once an action has been filed, the manufacturer or distributor shall not establish or relocate the proposed new motor vehicle dealer until the circuit court has rendered a decision on the matter.  An action brought pursuant to this section shall be given precedence over all other civil matters on the court's docket.

[4] This former version of what is now MCL 445.1566(1)(a) applied to counties with populations above 25,000, including Washtenaw County.

[5] Specifically, as it related to the facility's requirements, the LOI provided:

Completion of all of the requirements of this LOI to [Chrysler's] satisfaction within the time periods specified herein and by the Expiration Date are material terms of this LOI.  Failure to complete these requirements within the time periods specified herein will be a material breach of this LOI and [Chrysler] will have the right to terminate this LOI.  Furthermore, any obligation of [Chrysler] to enter into [a Dodge Sales and Service Agreement] with You will be void and [Chrysler] will have no further obligation to You nor any liability to You.

4

"anyone file a protest or lawsuit, demand arbitration or otherwise challenge . . . the proposed establishment" if the challenge is not withdrawn or dismissed within 90 days of filing.

After execution of the LOI, the Legislature expanded the statutory definition of relevant market area from the six-mile radius to "the area within a radius of 9 miles" of the intended site of the proposed or relocated dealership.[6] Although the proposed location for IHS's Dodge facility is outside the pre-amendment six-mile radius of LaFontaine's existing dealership, it is within the post-amendment nine-mile radius of that location. On September 3, 2010, LaFontaine contacted Chrysler, indicating its protest of the proposed IHS Dodge dealership location in light of the nine-mile radius established by the 2010 Amendment. Chrysler responded on October 8, 2010, communicating its continuing intent to establish a Dodge dealership at IHS's Ann Arbor location.

LaFontaine then filed a complaint for declaratory relief, challenging the proposed dealership under the MVDA. Chrysler and IHS responded with a motion for summary disposition, alleging that the 2010 Amendment did not apply to the proposed dealership because their LOI predated the Amendment, and LaFontaine therefore had no statutory right to challenge it. They further argued that applying the 2010 Amendment to the LOI and to the 2007 Chrysler-LaFontaine Dealer Agreement would be an impermissible retroactive application of the law. LaFontaine argued that its 2007 Dealer Agreement with Chrysler did not address or refer to LaFontaine's relevant market area, and therefore

---

[6] MCL 445.1566(1)(a). The current nine-mile radius applies to counties with populations above 150,000, which includes Washtenaw County. This amendment, contained in 2010 PA 139, took immediate effect upon the Governor's signature on August 4, 2010.

5

application of the 2010 Amendment could not interfere with that agreement. Even if the 2010 Amendment applied only prospectively, LaFontaine asserted that the LOI did not constitute a dealer agreement, but merely an agreement for certain improvements to IHS's facilities in anticipation of a dealer agreement. Any formal dealer agreement, LaFontaine argued, must follow the August 4, 2010 effective date of the amendment and be subject to the nine-mile relevant market area.

The Washtenaw Circuit Court granted Chrysler's and IHS's motions for summary disposition, concluding that the 2010 Amendment did not overcome the presumption that statutory amendments generally operate prospectively only. The Legislature provided a specific effective date of August 4, 2010, and omitted any reference to retroactivity. The circuit court further found that the LOI between Chrysler and IHS constituted a dealer agreement under the MVDA, and thereby established the parties' rights upon execution. The court denied LaFontaine's motion for reconsideration, adding that LaFontaine's claim was not ripe because it "rests on contingent future events that may not occur," i.e., a formal Dealer Agreement.

The Court of Appeals reversed the circuit court in a published opinion, concluding that the issue of retroactivity was immaterial because the LOI was not a dealer agreement because it did not establish the "legal rights [or] obligations of [Chrysler or IHS] with regard to the purchase and sale or resale of new motor vehicles and accessories for motor vehicles."[7] The Court of Appeals held that any dealer agreement could necessarily occur

_____

[7] *LaFontaine Saline Inc v Chrysler Group LLC*, 298 Mich App 576, 588-589; 828 NW2d 446 (2012), quoting MCL 445.1562(2), as amended by 1998 PA 456 (quotation marks omitted).

only after the effective date of the 2010 Amendment, and application of that amendment could not have retroactive effect on any dealer agreement between Chrysler and IHS.[8] Moreover, because the 2010 Amendment applied and the MVDA allows a dealer to bring a declaratory judgment action upon *notice* of a manufacturer's *intent* to establish a like-line dealership, the Court of Appeals held that LaFontaine had standing to sue to determine whether good cause existed for IHS's proposed dealership.[9] The Court of Appeals denied Chrysler's and IHS's motions for reconsideration.

We granted Chrysler's and IHS's applications for leave to appeal, requesting that the parties address:

> whether the Court of Appeals erred in holding that the 2010 PA 139 definition of "relevant market area," MCL 445.1566(1)(a), applied to enable the plaintiff to challenge the future dealer agreement between the defendants under MCL 445.1576(3). Compare *Kia Motors America, Inc v Glassman Oldsmobile Saab Hyundai, Inc*, 706 F3d 733, 735 (CA 6, 2013).[10]

## II. STANDARD OF REVIEW

Chrysler and IHS moved for summary disposition under MCR 2.116(C)(8) and (10). Summary disposition under MCR 2.116(C)(8) is appropriate where the complaint fails to state a claim on which relief may be granted.[11] A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of the complaint, with the

---

[8] *Id*. at 587-588.

[9] *Id*. at 590-591.

[10] *LaFontaine Saline, Inc v Chrysler Group LLC*, 495 Mich 870 (2013).

[11] *Spiek v Dep't of Transp*, 456 Mich 331, 333; 572 NW2d 201 (1998).

7

trial court considering the entire record in a light most favorable to the nonmoving party.[12] We review de novo a trial court's ruling on a motion for summary disposition.[13] We also review questions of statutory interpretation de novo,[14] including questions regarding retroactivity of amendments.[15]

### III. ANALYSIS AND APPLICATION

In establishing whether the 2010 Amendment applies on the facts of this case, we first examine the source, if any, of the parties' contractual rights that predates the 2010 Amendment. Only then can we determine whether retroactive application of the 2010 Amendment's expanded relevant market area would interfere with any such rights.

### A. THE SOURCE OF CONTRACTUAL RIGHTS

The MVDA in effect at the time of both the 2007 Chrysler-LaFontaine Dealer Agreement and 2010 Chrysler-IHS LOI defined "Dealer agreement" as

> an agreement or contract in writing between . . . a manufacturer and a . . . new motor vehicle dealer . . . which *purports to establish the legal rights and obligations of the parties* to the agreement or contract *with regard to the purchase and sale or resale of new and unaltered motor vehicles and accessories for motor vehicles.*[16]

---

[12] *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

[13] *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001).

[14] *Morales v Auto-Owners Insurance Co (After Remand)*, 469 Mich 487, 490; 672 NW2d 849 (2003).

[15] *Brewer v A D Transp Express, Inc*, 486 Mich 50, 53; 782 NW2d 475 (2010).

[16] MCL 445.1562(2), as amended by 1998 PA 456 (emphasis supplied).

This provision of the MVDA specifies three key elements to a Dealer Agreement: (1) a writing (2) establishing the legal rights and obligations of the parties (3) with regard to the purchase and sale or resale of new motor vehicles and accessories for motor vehicles.

Applying these elements to the 2007 Chrysler-LaFontaine Dealer Agreement compels the undisputed conclusion that that agreement constitutes a "dealer agreement" within the meaning of the MVDA. The agreement is in writing, purports to establish the parties' legal rights and obligations, and sets out specific "Products Covered" in a "Motor Vehicle Addendum." The agreement therefore complies with the requirements of then-effective MCL 445.1562(2), and establishes the parties' contractual rights.[17] And because MCL 445.1566(1) provided for a six-mile relevant market area at the time Chrysler and LaFontaine entered into their Dealer Agreement, the six-mile radius will govern that agreement *unless* the 2010 Amendment expanding the relevant market area is retroactively applicable to existing dealer agreements. Indeed, it is well settled that

> "the obligation of a contract consisted in its binding force on the party who makes it. *This depends upon the laws in existence when it is made.* They are necessarily referred to in all contracts, and form a part of them, as the measure of obligation to perform them by the one party and right acquired by the other." The doctrine asserted in that case . . . applies to laws in reference to which the contract is made, and forming a part of the contract.[18]

---

[17] The 2010 Amendment also amended the definition of "dealer agreement," renumbered as MCL 445.1562(3), but the scope of that amendment is immaterial here.

[18] *Crane v Hardy*, 1 Mich 56, 62-63 (1848), quoting *McCracken v Hayward*, 43 US 608, 612; 11 L Ed 397 (1844) (emphasis supplied). See also *State Hwy Comm'r v Detroit City Controller*, 331 Mich 337, 352; 49 NW2d 318 (1951), quoting *Von Hoffman v City of Quincy*, 71 US 535, 550; 18 L Ed 403 (1866) (stating that it is " 'settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to and

9

Before reaching the issue of retroactivity, however, we must also consider the 2010 LOI between Chrysler and IHS and whether that agreement similarly meets the MVDA's definition of "dealer agreement." Like the 2007 Chrysler-LaFontaine Dealer Agreement, the LOI between Chrysler and IHS is a writing executed by both parties. However, while the language of this latter agreement speaks in terms of "requirements" and "breaches," and purports to constitute Chrysler and IHS's "entire agreement concerning the establishment of the Facility," the LOI is not a "dealer agreement" within the meaning of the MVDA because it does not establish their rights and obligations *with regard to the purchase and sale or resale of new motor vehicles and accessories for motor vehicles*, as the MVDA requires. Rather, the LOI speaks almost entirely to requirements IHS must meet *before* Chrysler will "accept [IHS's] offer to enter into an Agreement in its then-customary form" and likewise contemplates conditions IHS must satisfy "[b]efore [Chrysler] enters into an Agreement with [IHS] . . . ."[19] At most, then, the LOI is akin to an agreement to agree to a Dealer Agreement. While it is " 'well

---

incorporated in its terms.' ").

[19] Indeed, at no point does the LOI purport to establish the types or numbers of automobiles Chrysler would provide to IHS, wholesale purchase price for any such vehicles, or any other terms relevant to the purchase and sale or resale of new motor vehicles and motor vehicle accessories. The only semblance of any such terms occurs in Paragraph 8 of the LOI, which provides that the precise terms "will change based on several factors, including changes that occur in the total industry new vehicle sales, changes in sales of new like-line vehicles in the sales locality, and changes in the number of like-line dealers in the sales locality." Chrysler explicitly states that it "does not predict the number of new vehicles that [Chrysler] will sell to [IHS] or that [IHS] may sell." Nor does the LOI establish either party's rights or obligations regarding the purchase and sale or resale of new motor vehicles and accessories. Rather, it left these terms—terms essential to a Dealer Agreement—for later determination.

10

recognized that it is possible for parties to make an enforceable contract binding them to prepare and execute a subsequent agreement,' " an agreement to agree is not enforceable where " 'the document or contract that the parties agree to make is to contain any material term that is not already agreed on . . . .' "[20] Accordingly, the LOI was not a Dealer Agreement pursuant to MCL 445.1562(2) as was in effect at the time Chrysler and IHS executed their LOI. Chrysler and IHS therefore had no contractual rights by way of the 2010 LOI with which retroactive application of the nine-mile relevant market area could interfere.

## B. RETROACTIVITY

Because the 2007 Dealer Agreement between Chrysler and LaFontaine established rights between the parties, we consider whether retroactive application of the 2010 Amendment's nine-mile relevant market area would impermissibly deprive Chrysler of any such rights.

To begin, we note that the 2007 Dealer Agreement between Chrysler and LaFontaine contains no language purporting to grant LaFontaine rights against encroachment by like-line dealers. Rather, the agreement explicitly contemplates that LaFontaine's "Sales Locality may be shared with other [Chrysler] dealers of the same line-make as [Chrysler] determines to be appropriate." This language makes clear that, aside from any limits set out in the MVDA (i.e., the relevant market area provision), nothing in the 2007 Dealer Agreement prevents Chrysler from reaching like-line dealer

---

[20] *Professional Facilities Corp v Marks*, 373 Mich 673, 679; 131 NW2d 60 (1964), quoting 1 Corbin, Contracts, § 29, p 68.

agreements with other dealerships within LaFontaine's "Sales Locality."[21]  Accordingly, any right LaFontaine has against encroachment by like-line dealers is a creature of statute.  We consequently must determine whether the creation of a statutory right against encroachment by the 2010 MVDA amendment, applied against Chrysler's preexisting 2007 Dealer Agreement with LaFontaine, would result in impermissible retroactive application.

Retroactive application of legislation " 'presents problems of unfairness . . . because it can deprive citizens of legitimate expectations and upset settled transactions.' "[22]  We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect.[23]  In determining whether a law has retroactive effect, we keep four principles in mind.  First, we consider whether there is specific language providing for retroactive application.[24]  Second, in some situations,[25] a statute is not regarded as operating retroactively merely because it relates to an

---

[21] This is so even though the 2007 Dealer Agreement at no point refers to the MVDA's relevant market area provision.  Clearly, contracting parties need not explicitly mention an applicable statute in order for that statute to govern the transaction at hand.

[22] *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994), quoting *Gen Motors Corp v Romein*, 503 US 181, 191; 112 S Ct 1105; 117 L Ed 2d 328 (1992).

[23] *Frank W Lynch & Co v Flex Technologies*, 463 Mich 578, 583; 624 NW2d 180 (2001).

[24] *In re Certified Questions*, 416 Mich 558, 570; 331 NW2d 456 (1982).

[25] *Id*. at 571 (noting that "[s]econd rule cases relate to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute").

12

antecedent event.[26]   Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past.[27]   Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.[28]

MCL 445.1566(1)(a), as amended by 2010 PA 139, provides:

> (1) "Relevant market area" means . . . .
>
> (a) In a county that has a population of more than 150,000, the area within a radius of 9 miles of the site of the intended place of business of a proposed new vehicle dealer or the intended place of business of a new vehicle dealer that plans to relocate its place of business.  For purposes of this section, the 9-mile distance is determined by measuring the distance between the nearest surveyed boundary of an existing new motor vehicle dealer's principal place of business and the nearest surveyed boundary line of the proposed or relocated new motor vehicle dealer's principal place of business.

Nothing in the language of MCL 445.1566(1)(a) suggests the Legislature's intent that the law apply retroactively.  The Legislature " 'knows how to make clear its intention that a statute apply retroactively.' "[29]   In fact, it has done so with other provisions of the MVDA, which explicitly provide that they apply to pre-existing contracts.[30]   The

---

[26] *Id*. at 570-571.

[27] *Id*. at 571.

[28] *Id*.

[29] *Brewer*, 486 Mich at 56, quoting *Frank W Lynch & Co*, 463 Mich at 583.

[30] MCL 445.1567(1)-(2), MCL 445.1568, and MCL 445.1570 each begin with the preface "Notwithstanding any agreement . . . ."

Legislature has even used specific retroactivity language when amending the MVDA.[31] The Legislature's silence regarding retroactivity in its amendment of the definition of "relevant market area" undermines any argument that MCL 445.1566 was intended to apply retroactively. That the Legislature provided for the law to take immediate effect *upon its filing date*—August 4, 2010—only confirms its textual prospectivity.[32]

The remaining factors in our retroactivity analysis require that we examine the amendment's effect on existing contract rights. A statute's relation to a prior event alone will not render the statute retroactive. Rather, we consider whether the statute "takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past."[33] LaFontaine asserts that retroactivity is not at issue in this case merely because it invoked the anti-encroachment protection of the 2010 amendment after that amendment went into effect. However, this argument begs the retroactivity question, failing to recognize that retroactive application of the 2010 Amendment would "create a new liability in connection with a past transaction"[34]—namely, Chrysler's 2007

---

[31] See 1998 PA 456, codified at MCL 445.1582a, which provides:

> The 1998 amendments to this act that added this section apply to agreements in existence on the effective date of this section and to agreements entered into or renewed after the effective date of this section.

[32] *Brewer*, 486 Mich at 56 ("[P]roviding a specific, future effective date and omitting any reference to retroactivity supports a conclusion that a statute should be applied prospectively only.") (quotation marks and citation omitted).

[33] *Hughes v Judges' Retirement Bd*, 407 Mich 75, 85; 282 NW2d 160 (1979).

[34] *Hansen-Snyder Co v Gen Motors Corp*, 371 Mich 480, 484; 124 NW2d 286 (1963).

Dealer Agreement with LaFontaine. Applying the 2010 Amendment's nine-mile relevant market area to the parties' 2007 agreement would impose on Chrysler the new obligation of meeting the rigorous "good cause" standard in an action for declaratory relief under MCL 445.1576(3). Chrysler did not bargain for or contemplate this obligation at the time of its 2007 Dealer Agreement with LaFontaine, when the MVDA imposed only a relevant market area of six miles. Rather, Chrysler had the settled expectation at the time of its 2007 agreement that it could establish a like-line dealership anywhere outside a six-mile radius of LaFontaine's place of business.

Because Chrysler explicitly reserved its right to establish such dealerships within LaFontaine's "Sales Locality" as refered to in the 2007 Dealer Agreement, Chrysler's right is contractual in nature, limited only by LaFontaine's statutory anti-encroachment rights in the MVDA's relevant market area provision.[35] Accordingly, retroactive application of the 2010 Amendment would not merely "operate in furtherance of a remedy or mode of procedure," and therefore cannot be characterized as remedial or procedural.[36] Rather, the expansion of the relevant market area creates substantive rights for dealers that had no prior existence in law or contract, and diminishes a manufacturer's existing rights under contracts executed before the 2010 Amendment. Application of the 2010 Amendment would give LaFontaine the substantive right to object where it previously could not—that is, the right to object to a proposed like-line dealership more

---

[35] See *Dale Baker Oldsmobile, Inc v Fiat Motors of North America, Inc*, 794 F2d 213, 220 (CA 6, 1986) (rejecting dealer's argument that manufacturer's rights under dealer agreement were statutory rather than contractual).

[36] *Frank W Lynch & Co*, 463 Mich at 584 (quotation marks and citation omitted).

than six, but less than nine miles away.[37]   Because retroactive application of the 2010 Amendment would interfere with Chrysler's contractual right to establish dealerships outside of a six-mile radius of LaFontaine, such retroactive application is impermissible on these facts.[38]   Accordingly, the relevant market area in effect when Chrysler reached its 2007 Dealer Agreement with LaFontaine governs that agreement.

Our conclusion is consistent with the recent interpretation of this exact amendment of the MVDA by the United States Court of Appeals for the Sixth Circuit.   In *Kia Motors*,[39] the Sixth Circuit upheld a manufacturer's right, after the effective date of the 2010 Amendment, to establish a new like-line dealership approximately seven miles from an existing dealership.[40]   In doing so, the Sixth Circuit relied on the Kia-Glassman Dealer Agreement, which, like the 2007 Chrysler-LaFontaine Dealer Agreement here, predated the 2010 Amendment.[41]

---

[37] See *Hansen-Snyder Co*, 371 Mich at 484 (presumption against retroactivity is "especially true when giving a statute retroactive operation will . . . create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed").

[38] See *Byjelich v John Hancock Mut Life Ins Co*, 324 Mich 54, 61; 36 NW2d 212 (1949) ("A statute cannot be retroactive so as to change the substance of a contract previously entered into.").

[39] *Kia Motors America, Inc v Glassman Oldsmobile Saab Hyundai, Inc*, 706 F3d 733 (CA 6, 2013).

[40] *Id*. at 736-737.

[41] *Id*. at 740-741.

Applying Michigan retroactivity law, the Sixth Circuit concluded that the 2010 Amendment did not apply retroactively.[42] The 2010 Amendment was silent as to retroactivity, and hence bore "no clear legislative intent that the Amendment should be applied retroactively."[43] Moreover, Kia's rights under its preexisting Dealer Agreement with Glassman were vested rights, as they were contractual rather than statutory.[44] Finally, the Sixth Circuit held that the amendment "[c]learly . . . imposes a new substantive duty and provides a new substantive right that did not previously exist," and therefore was not procedural or remedial.[45]

The Sixth Circuit recognized the retroactivity issue presented by these circumstances, contrary to the Court of Appeals below, which undertook no retroactivity analysis whatsoever. We find the Sixth Circuit's analysis and application of Michigan law persuasive. Accordingly, we hold that the pre-amendment six-mile radius that was in effect at the time Chrysler and LaFontaine entered into their 2007 Dealer Agreement governs that agreement such that Chrysler need not show good cause for the establishment of IHS's proposed dealership location.

## IV. CONCLUSION

The Court of Appeals erred by limiting its analysis to whether the 2010 Chrysler-IHS Letter of Intent constituted a Dealer Agreement within the meaning of the MVDA.

---

[42] *Id.* at 740.

[43] *Id.*

[44] *Id.*

[45] *Id.* at 740-741.

17

While we agree with the Court of Appeals that the 2010 LOI created no substantive rights with which application of the 2010 Amendment could interfere, Chrysler's 2007 Dealer Agreement with LaFontaine did create such rights. Retroactive application of the 2010 Amendment would subject Chrysler to greater burdens than those in place when the 2007 Dealer Agreement went into effect because it would require Chrysler to show good cause for the establishment of a broader geographical range of dealerships. Likewise, retroactive application would grant LaFontaine greater substantive rights than the 2007 agreement, allowing LaFontaine to challenge the establishment of dealerships that it previously could not. Accordingly, retroactive application of the 2010 Amendment's nine-mile relevant market area would impinge upon Chrysler's rights under its 2007 agreement with LaFontaine. Because nothing in the language of the 2010 Amendment evinces the Legislature's intent that the amendment apply retroactively, we decline to give it retroactive effect. We therefore vacate the judgment of the Court of Appeals and remand this case to the Washtenaw Circuit Court for reinstatement of summary disposition in favor of Chrysler and IHS.

Mary Beth Kelly
Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

18