# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

May 18, 2016

151717

BOARD OF TRUSTEES OF THE CITY OF
PONTIAC POLICE AND FIRE RETIREE
PREFUNDED GROUP HEALTH &
INSURANCE TRUST,
   Plaintiff-Appellee,

v

               SC: 151717
               COA: 316418
               Oakland CC: 2012-128625-CZ

CITY OF PONTIAC,
    Defendant-Appellant.

_____/

   On April 6, 2016, the Court heard oral argument on the application for leave to appeal the March 17, 2015 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). The Court of Appeals erred in its reading of Executive Order 225 (EO 225). Contrary to the Court of Appeals conclusion, EO 225 by its plain language expresses the intent of the emergency manager to extinguish the defendant's 2011-2012 fiscal year contribution. Although that contribution accrued on June 30, 2012, the defendant had not yet paid the obligation when EO 225 went into effect. EO 225 clearly states that, as of August 1, 2012, the defendant no longer has an obligation "to continue to make contributions" under Article III of the Trust Agreement. It does not differentiate between already accrued, but unpaid obligations and future obligations, and thus by its terms applies to both. Accordingly, the Court of Appeals erred by concluding that the emergency manager did not intend to extinguish the defendant's 2011-2012 fiscal year contribution. Nonetheless, although the Court of Appeals determined that the emergency manager could retroactively extinguish the 2011-2012 fiscal year contribution through his authority under 2011 PA 14, it did not specifically address whether EO 225 was a permissible retroactive modification of the plaintiff's accrued right to the contribution. See *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26 (2014). We therefore REVERSE that part of the Court of Appeals judgment which interprets EO 225, VACATE that part of the Court of Appeals judgment which discusses the plaintiff's breach of contract claim, and REMAND this case to the Court of Appeals for it to consider: (1) whether the retroactivity analysis

stated in *LaFontaine* applies to EO 225; (2) if so, whether the extinguishment of the defendant's accrued, but unpaid, 2011-2012 fiscal year contribution by EO 225 is permissible under *LaFontaine*; and (3) if *LaFontaine* does not apply, the appropriate method for determining whether EO 225 constitutes a permissible retroactive modification of the 2011-2012 fiscal year contribution.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 18, 2016



Clerk

p0511