# Court of Appeals, State of Michigan

## ORDER

Board of Trustees of the City of Pontiac v City of Pontiac

Docket No.    316418

LC No.        2012-128625-CZ

Jane E. Markey
Presiding Judge

Donald S. Owens

Karen M. Fort Hood
Judges

The Court orders that the October 25, 2016 opinion is hereby AMENDED to correct a clerical error. The panel line is corrected to read: Before: MARKEY, P.J., and OWENS and FORT HOOD, JJ.

In all other respects, the October 25, 2016 opinion remains unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

OCT 2 7 2016

Date

Chief Clerk

BOARD OF TRUSTEES OF THE CITY OF
PONTIAC POLICE AND FIRE RETIREE
PREFUNDED GROUP HEALTH AND
INSURANCE TRUST,

    Plaintiff-Appellant,

v

CITY OF PONTIAC,

    Defendant-Appellee.

FOR PUBLICATION
October 25, 2016
9:05 a.m.

No. 316418
Oakland Circuit Court
LC No. 2012-128625-CZ

ON REMAND

Before: MARKEY, P.J., and OWENS and FORD HOOD, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court to consider whether the City of Pontiac, acting through its Emergency Manager (EM), may retroactively eliminate its accrued contract obligation to make its annual contribution to the City of Pontiac Police and Fire Retiree Prefunded Group Health and Insurance Trust for the fiscal year ending June 30, 2012. In our prior opinion, we held that the EM's Executive Order (EO) 225, issued August 1, 2012, which purported to amend the trust pursuant to § 19(1)(k) of 2011 PA 4, "did not retroactively eliminate the city's obligation to contribute to the trust for the fiscal year ending June 30, 2012; consequently, we reverse[d] and remand[ed] for further proceedings." *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac*, 309 Mich App 590, 592; 873 NW2d 121 (2015) (*City of Pontiac I*), rev'd in part, vacated in part, & remanded by 499 Mich 921; 878 NW2d 477 (2016) (*City of Pontiac II*). After considering the questions our Supreme Court posed in its remand order, we again conclude that EO 225 may not be applied retroactively to extinguish defendant's accrued but unpaid 2011-2012 fiscal year contribution to the trust. We therefore reverse the trial court's order granting summary disposition to defendant with respect to plaintiff's breach of contract claim and remand for further proceedings.

I. PERTINENT FACTS AND PROCEEDINGS

The amount that defendant was actuarially determined to owe the trust for the fiscal year ending June 30, 2012, was $3,473,923.28. *Id*. at 594. As explained in this panel's prior opinion:

The trust was established in 1996 as a tax-exempt voluntary employees' beneficiary association (VEBA), 26 USC 501(c)(9), to hold the contributions of police and firefighter employees and those of the city pursuant to collective bargaining agreements (CBAs) between the city and the various unions of the city's police officers and firefighters. The trust held and invested these contributions to provide health, optical, dental, and life-insurance benefits to police and firefighters who retired on or after August 22, 1996, as required by the various CBAs. At issue is the efficacy of Executive Order 225 issued on August 1, 2012, pursuant to § 19(1)(k) of 2011 PA 4, MCL 141.1519(1)(k), by the city's emergency manager (EM), Louis H. Schimmel, which purported to amend the trust to remove the city's annual obligation to contribute to the trust agreement "as determined by the Trustees through actuarial evaluations." The trial court accepted defendant's argument that the city's EM properly modified the city's obligation to contribute to the trust for the fiscal year ending June 30, 2012, by modifying the existing CBAs between the city and police and firefighter unions. The trial court also ruled that plaintiff's claim under Const 1963, art 9, § 24, was without merit under *Studier v Mich Pub Sch Employees' Retirement Bd*, 472 Mich 642; 698 NW2d 350 (2005). [*City of Pontiac I*, 309 Mich App at 592-593.]

Although the trust agreement did not directly say when defendant's required contribution was due, the parties agreed that the actuarially required contribution for the fiscal year ending June 30, 2012, was due on or before June 30, 2012. *Id*. at 597. "On August 1, 2012, the city's EM issued Executive Order (EO) 225, which purported to amend the trust pursuant to § 19(1)(k) of 2011 PA 4, to terminate the city's annual actuarially required contribution to the trust for the fiscal year ending June 30, 2012." *Id*. In particular, EO 225 stated, in relevant part:

Article III of the Trust Agreement, Section 1, subsections (a) and (b) are amended to remove Article III obligations of the City to continue to make contributions to the Trust as determined by the Trustees through actuarial evaluations.

The Order shall have immediate effect. [EO 225, quoted in *City of Pontiac I*, 309 Mich App at 597-598.]

Plaintiff filed this action alleging that defendant's failure to make the actuarially required contribution to the trust comprised a violation of Const 1963, art 9, § 24, a violation of an ordinance, and a breach of contract. *City of Pontiac I*, 309 Mich App at 599-600. On March 6, 2013, defendant moved for summary disposition, arguing that there was no violation of Const 1963, art 9, § 24 because our Supreme Court held in *Studier* that this provision does not apply to healthcare benefits, that there was no ordinance violation because 2011 PA 4 authorized the EM to amend ordinances, and that there was no breach of contract because 2011 PA 4 authorized the EM to modify a CBA. *Id*. at 600. The trial court granted summary disposition to defendant in accordance with defendant's arguments. *Id*.

On appeal, we reversed on the ground that EO 225 as written had not retroactively eliminated defendant's obligation to contribute to the trust for the fiscal year ending June 30, 2012. *City of Pontiac I*, 309 Mich App at 608-610. We initially determined that the suspension

and repeal by referendum of 2011 PA 4 *after* the EM's issuance of EO 225 did not affect the validity of the EM's actions. *Id*. at 602-603. And, we upheld the trial court's dismissal of plaintiff's claim under Const 1963, art 9, § 24, in light of the holding in *Studier* that healthcare benefits are not accrued financial benefits protected by that constitutional provision. *Id*. at 603-605. We also found without merit plaintiff's ordinance violation claim because a city ordinance governing the trust or healthcare benefits for retired police officers and firefighters was not identified. *Id*. at 605-606.

With respect to plaintiff's breach of contract claim, we discussed that defendant's contractual obligation to fund the trust arose from the pertinent CBAs, and not the trust agreement itself. *City of Pontiac I*, 309 Mich App at 607. We concluded, based on the parties' submissions, that defendant's actuarially required contribution to the trust was past due on July 1, 2012, and that, without modification of the pertinent CBAs, defendant's obligation to fund the trust was breached on that date. *Id*. at 597, 607. We reasoned that the EM had the *authority* under 2011 PA 4 to retroactively amend the CBAs with respect to defendant's obligation to contribute to the trust. *Id*. at 607-608. We noted that

> after complying with the conditions specified in 2011 PA 4, the EM could "reject, modify, or terminate 1 or more terms and conditions of an existing collective bargaining agreement." MCL 141.1519(1)(k). Because the parties to a collective bargaining agreement could apply its modified terms retroactively, we conclude that the EM also could do so under § 19(1)(k). [*City of Pontiac I*, 309 Mich App at 607 (citation omitted).]

But, we went on to find that EO 225 did *not*, in fact, eliminate defendant's actuarially required contribution to the trust for the fiscal year ending June 30, 2012. *Id*. at 608-609. We reasoned that EO 225 removed defendant's obligation to *continue to make* contributions to the trust, and considering that EO 225 was given immediate effect upon its adoption on August 1, 2012, we determined that EO 225 applied to defendant's present or future obligations, not to defendant's accrued but unpaid contributions to the trust for the fiscal year ending June 30, 2012. *Id*. at 609. We found support for our reading of EO 225 in the written communications between the EM and the State Treasurer preceding the issuance of EO 225. *Id*. at 609-610.

Defendant applied for leave to appeal in our Supreme Court, which held oral argument on the application. On May 18, 2016, our Supreme Court reversed in part and vacated in part this Court's opinion and remanded the case to this Court. *City of Pontiac II*, 499 Mich 921. Our Supreme Court's order states, in relevant part:

> The Court of Appeals erred in its reading of Executive Order 225 (EO 225). Contrary to the Court of Appeals conclusion, EO 225 by its plain language expresses the intent of the emergency manager to extinguish the defendant's 2011-2012 fiscal year contribution. Although that contribution accrued on June 30, 2012, the defendant had not yet paid the obligation when EO 225 went into effect. EO 225 clearly states that, as of August 1, 2012, the defendant no longer has an obligation "to continue to make contributions" under Article III of the Trust Agreement. It does not differentiate between already accrued, but unpaid obligations and future obligations, and thus by its terms applies to both.

Accordingly, the Court of Appeals erred by concluding that the emergency manager did not intend to extinguish the defendant's 2011-2012 fiscal year contribution. Nonetheless, although the Court of Appeals determined that the emergency manager could retroactively extinguish the 2011-2012 fiscal year contribution through his authority under 2011 PA 14 [sic], it did not specifically address whether EO 225 was a permissible retroactive modification of the plaintiff's accrued right to the contribution. See *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26[; 852 NW2d 78] (2014). We therefore REVERSE that part of the Court of Appeals judgment which interprets EO 225, VACATE that part of the Court of Appeals judgment which discusses the plaintiff's breach of contract claim, and REMAND this case to the Court of Appeals for it to consider: (1) whether the retroactivity analysis stated in *LaFontaine* applies to EO 225; (2) if so, whether the extinguishment of the defendant's accrued, but unpaid, 2011-2012 fiscal year contribution by EO 225 is permissible under *LaFontaine*; and (3) if *LaFontaine* does not apply, the appropriate method for determining whether EO 225 constitutes a permissible retroactive modification of the 2011-2012 fiscal year contribution. [*City of Pontiac II*, 499 Mich at 921.]

On remand, this Court allowed the parties to file supplemental briefs. *Bd of Trustees of the City of Pontiac v City of Pontiac*, unpublished order of the Court of Appeals, entered June 24, 2016 (Docket No. 316418). We now consider the three questions presented by our Supreme Court in its remand order.

## II. ANALYSIS

### (1) DOES THE RETROACTIVITY ANALYSIS OF *LAFONTAINE* APPLY TO EO 225?

In *LaFontaine*, our Supreme Court articulated the following principles to consider when deciding whether legislation may permissibly be applied retroactively:

> Retroactive application of legislation presents problems of unfairness because it can deprive citizens of legitimate expectations and upset settled transactions. We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine*, 496 Mich at 38-39 (quotation marks, ellipsis, and citations omitted); see also *In re Certified*

-4-

*Questions*, 416 Mich 558, 570-571; 331 NW2d 456 (1982) (stating the same four principles).]

We have not located any case law stating whether the principles set forth in *Certified Questions* and *LaFontaine* for determining whether a statute may be applied retroactively should also be used in considering whether an emergency manager's executive order may be give retroactive effect. Nevertheless, we conclude that it is appropriate to apply the *Certified Questions* and *LaFontaine* principles concerning when legislation may permissibly be given retroactive effect to an emergency manager's executive order. The determination of whether legislation applies retroactively is primarily a question of statutory interpretation. See *LaFontaine*, 496 Mich at 34 ("questions of statutory interpretation [are reviewed] de novo, including questions regarding retroactivity of amendments"); *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001) ("In determining whether a statute should be applied retroactively or prospectively only, the primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle.") (quotation marks and citation omitted). Executive orders are generally subject to the same rules of interpretation as statutes. See *Soap & Detergent Ass'n v Natural Resources Comm*, 415 Mich 728, 756-757; 330 NW2d 346 (1982); *Aguirre v Dep't of Corrections*, 307 Mich App 315, 320-321; 859 NW2d 267 (2014). Because the determination of retroactivity is primarily a matter of interpretation and because executive orders are interpreted similarly to statutes, we believe the principles enunciated in *LaFontaine* used to determine whether a statute may permissibly be given retroactive effect should also be used in determining whether an executive order applies retroactively. We therefore answer our Supreme Court's first question in the affirmative. The retroactivity analysis set forth in *LaFontaine* applies to EO 225.[1]

## (2) UNDER *LAFONTAINE*, MAY DEFENDANT BY 225 EXTINGUISH ITS ACCRUED BUT UNPAID 2011-2012 FISCAL YEAR TRUST CONTRIBUTION?

Having determined that the *LaFontaine* analysis is applicable to EO 225, we now analyze whether the extinguishment of defendant's accrued but unpaid 2011-2012 fiscal year contribution to the trust is permissible under *LaFontaine*.[2] The first principle to consider is "whether there is specific language providing for retroactive application." *LaFontaine*, 496

---

[1] This conclusion is supported by the fact that the United States Supreme Court has stated "that congressional enactments *and administrative rules* will not be construed to have retroactive effect unless their language requires this result." *Landgraf v USI Film Prod*, 511 US 244, 272; 114 S Ct 1483; 128 L Ed 2d 229 (1994) (emphasis added; quotation marks and citation omitted).

[2] The issue here is *not* whether the EM had authority under 2011 PA 4 to modify collective bargaining agreements; there is no question that the EM had such authority. See *City of Pontiac I*, 309 Mich App at 607 ("[u]nder 2011 PA 4, the EM could modify collective bargaining agreements, and, hence, could modify the city's obligation to contribute to the trust"). Rather, the question presented is whether the particular executive order issued in this case, EO 225, comprised a permissible retroactive modification of defendant's contractual obligation to contribute to the trust under the retroactivity analysis set forth in *LaFontaine*.

Mich at 38. In the statutory context, legislative silence regarding retroactivity undermines any argument that a statutory provision was intended to apply retroactively. *Id*. at 39-40. "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012).[3] "The Legislature's expression of an intent to have a statute apply retroactively must be clear, direct, and unequivocal as appears from the context of the statute itself." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155-156; 725 NW2d 56 (2006).

In its order remanding the case to this Court, our Supreme Court stated that "EO 225 clearly states that, as of August 1, 2012, the defendant no longer has an obligation 'to continue to make contributions' under Article III of the Trust Agreement." *City of Pontiac II*, 499 Mich at 921. But because EO 225 "does not differentiate between already accrued, but unpaid obligations and future obligations, [it] thus by its terms applies to both." *Id*. Thus, our Supreme Court held that this Court "erred by concluding that the emergency manager did not intend to extinguish the defendant's 2011-2012 fiscal year contribution." *Id*. The law of the case doctrine binds this Court on remand to follow a decision of our Supreme Court regarding a particular issue in the same case. *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994). This Court is therefore bound by our Supreme Court's determination that EO 225 by its terms applies to both accrued but unpaid obligations and future obligations and that the EM intended to extinguish defendant's 2011-2012 fiscal year contribution.

But our Supreme Court did not determine whether EO 225 satisfies the first principle set forth in *LaFontaine*, i.e., "whether there is specific language providing for retroactive application." *LaFontaine*, 496 Mich at 38. Indeed, the Supreme Court's decision to remand the case to this Court to conduct an analysis under *LaFontaine* strongly suggests that the Supreme Court did not mean to resolve that issue. The fact that, as our Supreme Court determined, EO 225 "does not differentiate between already accrued, but unpaid obligations and future obligations, and thus by its terms applies to both[,]" *City of Pontiac II*, 499 Mich at 921, does not answer the question whether EO 225 expresses *with the requisite degree of clarity* the intent that EO 225 would have a retroactive effect. See *Davis*, 272 Mich App at 155-156 (requiring a clear, direct, and unequivocal expression of intent to have a statute apply retroactively); *id*. at 167 (explaining that the United States Supreme Court has "emphasized that to give legislation retroactive effect, Congress is required to 'so indicate in the language of the statute in a manner that is so clear and positive as to leave no room to doubt that such was the intention of the legislature' "), quoting *Landgraf v USI Film Prod*, 511 US 244, 272; 114 S Ct 1483; 128 L Ed 2d

---

[3] This presumption against retroactive legislation is premised on enduring legal principles " 'deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.' " *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 166; 725 NW2d 56 (2006), quoting *Landgraf*, 511 US at 265.

229 (1994).[4]  See also *Frank W Lynch & Co*, 463 Mich at 587, (expressing agreement "with the *Landgraf* Court that 'a requirement that [the Legislature] make its intention clear helps ensure that the Legislature itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness.' "), quoting *Landgraf*, 511 US at 268.[5]

Our Supreme Court reasoned that EO 225 by its terms applies to both future obligations and accrued but unpaid obligations, given that EO 225 does not differentiate between those obligations.  Although such an inference arises from the lack of differentiation between the two types of obligations, EO 225 does not clearly, directly, and unequivocally state that it is intended to apply retroactively to unpaid but accrued obligations.  We conclude that the text of the order does not acknowledge with the required clarity the existence of accrued but unpaid obligations or state directly that such obligations were being retroactively removed.  See *LaFontaine*, 496 Mich at 40 (noting that the Legislature had previously used specific retroactivity language when amending the relevant statute and that the Legislature's silence regarding retroactivity in the amendment at issue undermined any claim that the amendment was intended to apply retroactively); *Frank W Lynch & Co*, 463 Mich at 584 (noting the absence of express language regarding retroactivity and the fact that the Legislature knows how to clearly state its intention that a statute apply retroactively).  Also, EO 225 was given immediate effect, but this does not clearly express an intention that it is to apply retroactively.  See *LaFontaine*, 496 Mich at 40 (noting the fact that "the Legislature provided for the law to take immediate effect *upon its filing date* . . . only confirms its textual prospectivity"); *Johnson*, 491 Mich at 430 (noting that giving legislation "immediate effect" does not "at all suggest" that the legislation applies retroactively).  We therefore conclude that the first principle stated in *LaFontaine*, "whether there is specific language providing for retroactive application," indicates that EO 225 should apply prospectively only because it lacks "clear, direct, and unequivocal" language providing for its retroactive application.  *Davis*, 272 Mich App at 155-156.

The second principle under *LaFontaine* is that "in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event." *LaFontaine*, 496 Mich at 38-39.  This principle "relate[s] to measuring the amount of entitlement

---

[4] This Court in *Davis* noted that due process interests of fair notice and repose should be considered when deciding whether a statute should be applied retroactively.  *Davis*, 272 Mich App at 158 n 3, citing *Landgraf*, 511 US at 266.  See also *LaFontaine*, 496 Mich at 38 (noting that problems of unfairness arise from the retroactive application of legislation and citing *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994), which addressed a due process issue concerning the retroactivity of legislation that might " 'deprive citizens of legitimate expectations and upset settled transactions.' ") (citation omitted).

[5] Although these cases address the obligation of a *legislative* body to express with sufficient clarity the intent to apply a provision retroactively, we have already concluded that the same requirement should apply equally to the author of an executive order given that executive orders are interpreted like statutes.  See *Soap & Detergent Ass'n*, 415 Mich at 756-757; *Aguirre*, 307 Mich App at 320-321.  Also, applying executive orders retroactively can present problems of unfairness similar to applying legislation retroactively.  See *LaFontaine*, 496 Mich at 38.

provided by a subsequent statute in part by services rendered pursuant to a prior statute." *Id.* at 38 n 25, quoting *Certified Questions*, 416 Mich at 571. We believe this principle is inapplicable under the facts and circumstances of this case.

The third principle identified in *LaFontaine* is that "in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past." *LaFontaine*, 496 Mich at 39, citing *Certified Questions*, 416 Mich at 571. "A statute may not be applied retroactively if it abrogates or impairs vested rights, creates new obligations, or attaches new disabilities concerning transactions or considerations occurring in the past." *Davis*, 272 Mich App at 158. When all the facts become operative and are known, a cause of action accrues and it becomes a vested right. *Certified Questions*, 416 Mich at 573; see also *Doe v Dep't of Corrections (On Remand)*, 249 Mich App 49, 61-62; 641 NW2d 269 (2001) ("A cause of action becomes a vested right when it accrues and all the facts become operative and known."). "In general, a cause of action for breach of contract accrues when the breach occurs, i.e., when the promisor fails to perform under the contract." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 458; 761 NW2d 846 (2008) (quotation marks and citation omitted).

In this case, "[t]here is no dispute that Article III, § 1 of the trust obligates defendant to pay annual contributions to the trust that are determined to be 'actuarially necessary' to fund the future healthcare benefits of the pertinent retirees as required by the applicable [CBAs]." *City of Pontiac I*, 309 Mich App at 606. Further, the parties agree that defendant's actuarially required contribution to the trust for the fiscal year of 2011-2012 was due on or before June 30, 2012. *Id.* Defendant had not paid that obligation when EO 225 went into effect on August 1, 2012. *City of Pontiac II*, 499 Mich at 921. Hence, as of July 1, 2012, defendant was in breach of its contractual obligation to make its annual contribution to the trust for the fiscal year of 2011-2012. Plaintiff's cause of action for breach of contract therefore accrued, and all of the facts became operative and known, on July 1, 2012, when defendant failed to perform under the contract. *Tenneco Inc*, 281 Mich App at 458. This accrued cause of action comprised a vested right as of that date. *Doe*, 249 Mich App at 61-62. Retroactive application of EO 225 would impair or abolish this vested right by eliminating defendant's contractual obligation that forms the basis for plaintiff's breach of contract claim. By impairing or abolishing an existing cause of action, EO 225 falls within the general proscription on retroactive provisions identified in the third *LaFontaine* principle. See *Certified Questions*, 416 Mich at 573; *Doe*, 249 Mich App at 62.

The fourth *LaFontaine* principle is that "a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, 496 Mich at 39, citing *Certified Questions*, 416 Mich at 571. As discussed, retroactive application of EO 225 would impair or abolish plaintiff's accrued cause of action for breach of contract. Hence, even if EO 225 could be deemed remedial or procedural, the fourth *LaFontaine* principle does not support retroactive application of EO 225 given that a vested right would be affected. Our "Supreme Court has held that a statute significantly affecting a party's substantive rights should not be applied retroactively merely because it can also be characterized in a sense as 'remedial.' " *Doe*, 249 Mich App at 62, citing *Frank W Lynch & Co*, 463 Mich at 585. In the context of retroactivity analysis under *LaFontaine* and *Certified Questions*, characterization of a statute as "remedial" "should only be employed to describe legislation that does not affect substantive rights." *Frank W Lynch & Co*, 463 Mich at 585. In

this case, because EO 225 affects substantive rights, it cannot operate retroactively under the fourth *LaFontaine* principle. See *Doe*, 249 Mich App at 62-63.

Accordingly, we conclude that the retroactive application of EO 225 to extinguish defendant's accrued but unpaid contribution to the trust for the 2011-2012 fiscal year is impermissible under *LaFontaine*. EO 225 does not contain "clear, direct, and unequivocal" language providing for its retroactive application, *Davis*, 272 Mich App at 155-156, and its retroactive application would impair or abolish plaintiff's accrued cause of action for breach of contract, a vested right. *Doe*, 249 Mich App at 61-62. The trial court therefore erred in granting summary disposition in favor of defendant with respect to plaintiff's breach of contract claim.

### (3) IF *LAFONTAINE* DOES NOT APPLY, WHAT IS THE PROPER METHOD TO DETERMINE WHETHER EO 225 MAY BE APPLIED RETROACTIVELY?

Our Supreme Court's remand order further directed this Court to consider whether, "if *LaFontaine* does not apply, the appropriate method for determining whether EO 225 constitutes a permissible retroactive modification of the 2011-2012 fiscal year contribution." *City of Pontiac II*, 499 Mich at 921. As the Court's language reflects, it is only necessary for this Court to consider an alternative analytical framework if the *LaFontaine* analysis does not apply. Having concluded that *LaFontaine* does apply, it is unnecessary to address what method for assessing the permissibility of retroactive effect would otherwise apply to this situation.

Finally, we note that plaintiff's supplemental brief on remand raises additional issues that are beyond the scope of our Supreme Court's remand order. "[W]hen an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005). Accordingly, we decline to address plaintiff's arguments concerning additional issues.

In summation, we hold that the retroactivity analysis in *LaFontaine* applies to EO 225 and that the purported extinguishment of defendant's accrued but unpaid 2011-2012 fiscal year contribution is impermissible under *LaFontaine*. We therefore reverse the trial court's order granting summary disposition to defendant with respect to plaintiff's breach of contract claim and remand for further proceedings. We do not retain jurisdiction. No taxable costs are awarded to either party because a public question is involved. MCR 7.219.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Karen M. Fort Hood

-9-